## 69709. PUGH v. THE STATE.
(327 SE2d 745)

BANKE, Chief Judge.

The appellant was charged with one count of hindering the punishment of a criminal and three counts of possessing drugs in violation of the Controlled Substances Act. A jury acquitted him of the three drug-possession charges but found him guilty of hindering the punishment of a criminal. On appeal, he contends that the evidence was insufficient to support the conviction.

The appellant was a passenger in a vehicle being driven by a friend, Mickey Maynard Croy, when, at about 10:00 a.m. on a December morning, Croy was stopped for speeding. After running a driver's license check, the arresting officer learned that there was a warrant outstanding for Croy's arrest as a probation violator. Realizing he would not merely be charged with speeding, Croy attempted to flee the area on foot; however, the officer gave chase, caught him, and brought him back to the patrol car. During a subsequent search of Croy's person, the officer seized a black nylon pouch from his pocket and placed it on the trunk of the police car, whereupon Croy grabbed the pouch with his teeth, dropped it on the ground, and kicked it away from the patrol car. He then yelled out to the appellant, who up to this time had remained seated in the passenger side of the vehicle Croy had been driving, "Get that bag and run with it, man." After initially hesitating when the officer told him to get back in the car, the appellant picked up the pouch, ran with it a short distance, and threw it over a fence. The pouch was subsequently retrieved and was found to contain cocaine, phenobarbital, and butabarbital.

Testifying for the defense, Croy asserted that the drugs were his alone, that the pouch had been in his possession before he picked up the appellant, and that the appellant had not known about the drugs. While admitting that he had smoked marijuana with the appellant during the 10 years the two had known each other, Croy did not admit to having used other drugs in the appellant's company.

The appellant testified that he did not know what was in the pouch when he picked it up and explained that he "just panicked, grabbed the bag, and ran with it . . . without thinking." He admitted knowing, however, that Croy had been "involved in drugs in the

past." *Held*:

"(a) A person commits the offense of hindering the apprehension or punishment of a criminal when, with intention to hinder the apprehension or punishment of a person *whom he knows or has reasonable grounds to believe has committed a felony* or to be an escaped inmate or prisoner, he: (1) Harbors or conceals such person; or (2) Conceals or destroys evidence of the crime. (b) A person convicted of the offense of hindering apprehension or punishment of a criminal shall be punished by imprisonment for not less than one nor more than five years." OCGA § 16-10-50. (Emphasis supplied.)

The issue before us is whether the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the appellant not only knew the pouch contained evidence of criminal activity on Croy's part but also knew or had reason to believe that the activity was of a type for which felony-grade punishment may be imposed. It may certainly be inferred from the evidence that the appellant knew the contents of the pouch meant serious trouble for his friend; however, because Croy was on probation, evidence of any sort of criminal activity on his part, even a misdemeanor such as possession of less than one ounce of marijuana, could have had drastic consequences for him. Under these circumstances, the appellant's conduct must be considered consistent with the absence of a belief or suspicion on his part that the pouch contained felony-grade drugs. It follows that, although the evidence would certainly have supported a conviction of the misdemeanor offense of obstructing or hindering an officer (see OCGA § 16-10-24), it did not exclude every reasonable hypothesis other than his guilt of hindering the apprehension or punishment of a criminal.

"[T]he question of whether every other reasonable hypothesis has been excluded is generally a question for the jury . . . However, we will not be blinded by the jury verdict when a reasonable hypothesis of innocence appears from the evidence or the lack thereof. (Cits.)" *Muckle v. State*, 165 Ga. App. 873 (1) (303 SE2d 54) (1983). Under the circumstances of this case, we are constrained to hold that the trial court erred in denying the appellant's motion for directed verdict of acquittal on the charge of hindering the punishment of a criminal.

*Judgment reversed. Benham, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED FEBRUARY 8, 1985 —
REHEARING DENIED MARCH 6, 1985.

*Donn M. Peevy*, for appellant.

*Bryant Huff, District Attorney, Phil Wiley, Assistant District Attorney*, for appellee.