A91A1707. OWEN et al. v. THE STATE.
(415 SE2d 537)

SOGNIER, Chief Judge.

Daniel and Jennifer Annette Owen were convicted after a jury trial of the offense of hindering the apprehension of a criminal (OCGA § 16-10-50), and both appeal.

The evidence adduced at trial showed that in December 1988, while awaiting trial on a burglary charge, appellant Annette Owen's brother, Roger Dale Walston, Jr., escaped from the Murray County jail. After evading authorities for approximately four months, Walston was arrested in March 1989 near his home and the adjacent home of appellants during an investigation of a Fannin County shooting. Appellants were arrested and charged with harboring Walston and assisting him to evade capture.

1. Appellants challenge the sufficiency of the evidence to support their conviction. OCGA § 16-10-50 (a) provides that "[a] person commits the offense of hindering the apprehension or punishment of a criminal when, with intention to hinder the apprehension or punishment of a person whom he knows or has reasonable grounds to believe has committed a felony or to be an escaped inmate or prisoner, he: (1) [h]arbors or conceals such person; or (2) [c]onceals or destroys evidence of the crime." The State was thus required to prove that appellants knew or had reason to know Walston's status; that appellants committed one or more acts to harbor or conceal Walston; and their intent. Id.

The evidence at trial showed that appellants were living in Fort Valley when Walston escaped from jail in December 1988. Dan Owen's Fort Valley employer testified that Owen had admitted to him that he was nervous because Walston had escaped. Shortly thereafter, in February 1989, appellants moved to Gilmer County and rented a house. Annette Owen then bought a car using cash she received from Walston and purchased insurance in her own name. In March 1989 Annette called Melinda Fincher, Walston's common law wife, and inquired whether she was ready to come live with Walston in Gilmer County. Appellants then met Fincher and escorted her to meet Walston at their rented home. Appellants informed Walston that their landlord also had a mobile home for rent adjacent to their rented house. Walston rented the mobile home using the name "Dale Bishop" and moved in with Fincher, explaining to her that they were living in Gilmer County so that appellants "could hide him."

When a woman was shot in Fannin County on March 30, 1989, Hugh Hulsey, a passerby, observed her lying in a driveway beside the first of two cars. Hulsey testified that he noted the tag number of the second car as it left the scene and, after assisting the woman and calling an ambulance, he reported that tag number to the authorities. A

GBI agent testified that the tag number reported by Hulsey matched that of the car registered to Annette Owen. Fincher testified that after that incident in Fannin County, Walston parked his car at the rear of the rental property, told her it could no longer be driven, and instructed her to keep the lights in their home off and the door locked. Subsequently, Dan Owen drove the car to Annette's mother's home in Whitfield County with Annette following him. After Walston's capture, the car's tag was found under the sink in appellants' home.

From the evidence presented, the jury was authorized to conclude beyond a reasonable doubt that appellants knew Walston was an escaped prisoner; that they aided in concealing both Walston and the car; and that their acts were intentional. The evidence was thus sufficient to authorize the convictions under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Compare *Pugh v. State*, 173 Ga. App. 670 (327 SE2d 745) (1985) (two judges only).

2. Appellants maintain the evidence was insufficient to support their conviction because the State failed to prove by competent evidence either that Walston *was* an escaped inmate or that he had committed a felony as required by OCGA § 16-10-50. This contention is not supported by the record.

Sheriff Howard Ensley of Murray County testified that on the date Walston was captured in Gilmer County, a Murray County escape warrant was still outstanding and had not been executed, and that it showed that Walston was an escapee. This sufficed to show that Walston was an escaped prisoner and thus under the statute there was no necessity to prove that he had committed a felony.

3. Finally, appellants contend the trial court erred by allowing the State to present unduly prejudicial evidence regarding an unrelated crime committed by Walston and participated in by appellants. The testimony complained of was given, over objection, by Melinda Fincher, who at the time of appellants' trial had been convicted and sentenced for the same crime for which appellants were being tried. Fincher's testimony was that neither she nor Walston was working during the time period in question, and that in order to support themselves "[Walston] would steal." At a different point in her testimony, Fincher testified that appellants were also unemployed and spent time with Walston, sometimes leaving Walston's home for the day with him, and that on one occasion Walston had returned home with over a thousand dollars "in a sack in his coat," and told her he had shared half the money with appellants.

Although we note that Fincher's statement regarding what Walston had told her is obviously hearsay, no objection was made on this basis, and appellants do not now enumerate as error the admission of

hearsay. Rather, appellants contend that the jury could reasonably have inferred from Fincher's testimony that appellants were involved in robberies committed by Walston; that as the State had given no notice to appellants that they intended to introduce evidence of other crimes, the evidence was inadmissible pursuant to USCR 31.3; and that robbery is not a crime similar to hindering the apprehension of a criminal and thus would not have been admissible even had proper notice been given. We do not agree.

(a) Assuming, without deciding, that appellants' complicity in Walston's thievery was a reasonable inference from Fincher's testimony, "where . . . evidence of other criminal transactions is a part of the res gestae or tends to show motive, or to show a course of conduct pointing toward and leading to the crime or to the concealment of the crime . . . , such evidence is admissible as an exception to [the] general rule [prohibiting admission of such evidence]. [Cits.]" *Spurlin v. State*, 228 Ga. 2, 5-6 (4) (183 SE2d 765) (1971). Further, assuming that USCR 31.3 applies, subsection (E) of the rule provides, in pertinent part, that "[n]othing in this rule is intended to prohibit the state from introducing evidence of similar transactions or occurrences which are . . . immediately related in time and place to the charge being tried, as part of a single, continuous transaction."

The crime with which appellants were charged, hindering Walston's apprehension, was not one accomplished in one act or on one occasion. Rather, the entire course of their dealings with Walston after his escape from jail was a necessary part of the res gestae showing that they had frequent contact with Walston, not infrequent contact as claimed by appellants, and that their time was spent acting to protect Walston and shield him from the public and the authorities. Fincher's testimony was thus admissible as part of the res gestae. See generally *Mosley v. State*, 150 Ga. App. 802, 803-804 (2) (258 SE2d 608) (1979). Accordingly, the trial court did not err by permitting the State to introduce this evidence.

(b) Even if allowing this testimony was error, the evidence supporting appellants' conviction was overwhelming and thus it is highly probable that any such error did not contribute to the jury's verdict in this case. *Williams v. State*, 185 Ga. App. 780, 781 (366 SE2d 200) (1988).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 13, 1992.

*Lee R. Taylor*, for appellants.

*Roger Queen, District Attorney*, for appellee.