A98A0671. INGRAM v. THE STATE.
(503 SE2d 70)

SMITH, Judge.

Alex Ingram was convicted on two charges of aggravated battery and one charge of aggravated assault.[1] His motion for new trial was denied and he appeals, raising as error the admission of testimony concerning a prior incident between one of the victims and himself. We find no error and affirm.

Evidence was presented that on July 2, 1996, Smith, Ingram's former girlfriend, drove to Ingram's house. She testified that she had spent all of her money repairing the windows Ingram had broken out in her car and that she needed money from him for food for her children. Ingram had told her to come get the money. After she arrived at

---

[1] Ingram was acquitted of one charge of aggravated assault.

Ingram's house, drove him to the store to buy some beer, and returned to his driveway, her car overheated. Ingram began pouring water into the radiator while Smith waited inside the car.

Meanwhile, Hicks walked past the car, said "hello" to Smith and Ingram, and walked into his mother's house. Ingram, too, walked into his own house. A short time later, Hicks returned to the car where Smith was sitting and asked for a cigarette. Ingram ran out of his house toward Hicks, and a fight between the two men ensued. After Hicks ran away, Ingram threatened to kill him, and Smith tried to calm Ingram down by driving him down the street. When Smith stopped at a stop sign, Ingram stabbed her several times, injuring her severely.

Ingram raises no contention concerning the evidence surrounding the July 2, 1996 incident but complains that the trial court erroneously admitted evidence of a prior incident involving Smith and him. The trial court permitted the State to introduce evidence that Ingram visited Smith at her friend's home on June 19, 1996. Ingram, who had been drinking, accused Smith of having a relationship with another man. This precipitated an argument and then a physical fight between Smith and Ingram. Smith eventually pushed Ingram out of the house. Once outside, while cursing and yelling, "I'm going to get her," Ingram used a chair to beat on Smith's car and break out the windows.[2] Afterwards, but before the July 2 incident, Ingram called Smith "all the time." He once called her workplace and threatened to "blow the building up" if Smith were not called to the telephone. Evidence of another altercation on February 24, 1996 was also admitted. On that date, Smith was driving her car, and Ingram, who had been drinking, was a passenger. Accusing Smith of seeing another man, Ingram struck her in the face several times. The trial court admitted evidence concerning this incident as a similar transaction. Ingram does not appeal this ruling but complains only of the court's admission of evidence concerning damage to Smith's car during the June incident.

At trial, Ingram sought to introduce evidence of the June incident as a prior difficulty between himself and Smith, insofar as he claimed that she stabbed him with a knife. But he also asked the court to exclude testimony concerning the damage he caused to Ingram's car during that incident. He claimed, as he does here, that the automobile damage involved a distinct crime that would interject his character into the trial. The court admitted testimony concerning the entire June 1996 incident, finding that the altercation consti-

---

[2] Ingram accused Smith of cutting him during this incident, and Smith was cited for aggravated assault.

tuted a prior difficulty as well as a similar transaction, and the damage to Smith's car constituted part of the res gestae. We find no error.

"While it is true that the prosecutor may not introduce matters that place the defendant's character in issue by showing that he has committed another, wholly independent crime, there is an exception where evidence of other criminal transactions is a part of the res gestae or tends to show motive, or to show a course of conduct pointing toward and leading to the crime." (Citations and punctuation omitted.) *Schubert v. State*, 160 Ga. App. 227 (1) (286 SE2d 514) (1981). See also *Vick v. State*, 211 Ga. App. 735, 737 (2) (440 SE2d 508) (1994); *Owen v. State*, 202 Ga. App. 833, 835 (3) (a) (415 SE2d 537) (1992).

In this case, evidence concerning the property damage to Smith's car was admissible to show a course of conduct leading toward the July 2 stabbing of Smith. Ingram's violent attack on the car was an extension of an altercation between himself and Smith. The entire incident, including Ingram's resulting angry outburst in which he broke the windows in Smith's car while threatening to "get her," along with evidence concerning Ingram's actions in February 1996, demonstrated a pattern of conduct whereby Ingram became jealously enraged; it represented conduct leading up to the violent crime of July 2. Furthermore, evidence concerning the damage to Smith's car was relevant to show why she drove to Ingram's house on July 2, or as the State argues, why she remained in "harm's way." She needed money to purchase food, as she had spent all of her money repairing the damage to her car caused by Ingram. Testimony concerning the damage Ingram caused to Smith's car clearly was admissible as part of the res gestae, and "such evidence is not rendered inadmissible despite the fact that the character of the accused is incidentally implicated. [Cit.]" *Galbreath v. State*, 213 Ga. App. 80, 84 (3) (443 SE2d 664) (1994). Moreover, even assuming the trial court should not have admitted the evidence, any error would have been harmless given the overwhelming evidence of Ingram's guilt.

*Sessions v. State*, 207 Ga. App. 609 (428 SE2d 652) (1993), relied upon by Ingram, is distinguishable. There, we concluded that the trial court properly admitted evidence of similar crimes. But we also held that the court erroneously permitted witnesses testifying about these transactions to testify about other crimes committed by defendant either during commission of the similar crimes or apprehension for the crimes. We concluded that such "testimony revealed additional criminal acts which were unrelated and irrelevant to the crimes for which defendant was being tried, and that only that portion of the witnesses' testimony pertaining to the previous *similar* crimes was admissible at trial." (Citations and footnote omitted.) Id. at 610. Here, testimony concerning the property damage to Smith's

car was not unrelated and irrelevant to the crime for which Ingram was being tried. Ingram's conduct in damaging the car was part of a pattern of violence against Smith and also was relevant to explain Smith's presence on Ingram's property.

We need not reach Ingram's contention that the June 19 damage to Smith's car was erroneously admitted as a similar transaction. "It is a cardinal rule of evidence that if evidence is duly admissible under any legitimate theory, it should be admitted even though it [may] not qualify for admission under one or more other evidentiary theories. That is, generally evidence should be admitted if it is admissible for any legitimate purpose." (Citation and punctuation omitted.) *Buttles v. State*, 229 Ga. App. 300, 303 (494 SE2d 73) (1997).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED JUNE 8, 1998.

*Emerson Carey, Jr.*, for appellant.

*J. Tom Morgan, District Attorney, Lawrence Delan, Maria Murcier-Ashley, Assistant District Attorneys*, for appellee.