### A08A0530. ZAPATA v. THE STATE.
(662 SE2d 271)

MILLER, Judge.

Following a jury trial, Jesus Zapata was convicted of two counts of child molestation and one count of sexual battery. Zapata filed a motion for new trial, which was denied by the trial court. He now appeals, alleging ineffective assistance of counsel in that his trial counsel moved for a directed verdict at the close of the State's evidence, thereby allowing the trial court to reopen the evidence and enable the State to introduce additional evidence. We discern no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). So viewed, the record shows that one night in mid-December 2005, ten-year-old C. S. was sleeping over at the house of her friend, Zapata's younger sister. C. S. woke up when Zapata grabbed her hand and placed it on his penis. Zapata also put his own hand down C. S.'s pants and squeezed her buttocks.

After the State indicated that it would not be calling any additional witnesses, Zapata's trial counsel moved for a directed verdict, arguing that the only evidence presented of Zapata's age was C. S.'s testimony that he was either 15 or 16 years old at the time the crimes were committed. See *Johnson v. State*, 214 Ga. App. 319 (447 SE2d 663) (1994) (juvenile court, not superior court, has exclusive jurisdiction over child molestation case where alleged crime was committed by defendant before he was 17). The trial court denied the motion for a directed verdict, and permitted the State to introduce evidence establishing that Zapata was 17 years old at the time the crimes were committed.

For Zapata to prevail on his claim of ineffective assistance of counsel, he must establish both (1) deficient performance of trial counsel, and (2) that the deficiency was prejudicial to his defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Fults v. State*, 274 Ga. 82, 83-84 (2) (548 SE2d 315) (2001). The trial court ruled that Zapata failed to establish that his counsel's performance was deficient, and this Court will not disturb a trial judge's findings as to deficient performance unless clearly erroneous. *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

"[I]n evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (Punctuation and footnote omitted.) *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999). Here, trial counsel testified at the motion for new trial hearing that moving for a directed verdict was part of his trial strategy, and that he hoped the motion would be granted by the trial court.

The fact that Zapata now finds fault with trial counsel's strategy does not require a finding that he received deficient representation. See *Byrd v. State*, 274 Ga. 58, 61 (2) (548 SE2d 2) (2001). Given Zapata's failure to demonstrate error by the trial court, we will not disturb its denial of Zapata's motion for new trial based on ineffective assistance of counsel. See, e.g., *Bates v. State*, 259 Ga. App. 232, 234 (3) (a) (576 SE2d 619) (2003).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MAY 12, 2008.

*Little, Bates & Kelehear, Sam F. Little*, for appellant.
*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.