**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 9, 2016**

# In the Court of Appeals of Georgia

A15A1975. CRANKSHAW v. THE STATE.

McFADDEN, Judge.

After a jury trial, Ronya Crankshaw was convicted of conspiracy to possess oxycodone with intent to distribute, conspiracy to possess roxycodone with intent to distribute, criminal attempt to sell oxycodone, and possession of oxycodone with intent to distribute. Crankshaw's motion for a new trial was denied and she appeals. She challenges the sufficiency of the evidence, but a review of all the evidence in the light most favorable to the verdict reveals that there was sufficient evidence from which a rational trier of fact was authorized to find guilt beyond a reasonable doubt. Crankshaw also challenges the admission of alleged hearsay evidence, but any such hearsay objection was waived. She further claims that her trial counsel was ineffective, but she has failed to show that counsel's performance was both deficient

and prejudicial. Finally, Crankshaw contends that the trial court erred in failing to merge for sentencing the offenses of attempt to sell oxycodone and possession of oxycodone with intent to distribute; however, those offenses did not merge because each required proof of a fact that the other did not. Accordingly, we affirm.

1. *Sufficiency of the evidence.*

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We do not weigh the evidence or judge the credibility of witnesses, but determine only whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Owens v. State*, 334 Ga. App. 203 (1) (778 SE2d 830) (2015).

So viewed, the evidence shows that Crankshaw and Yvonne Parker operated a prescription drug ring from their home in Monroe, Georgia. Crankshaw and Parker used individuals addicted to prescription pain medications, including oxycodone and roxycodone, to obtain prescriptions from doctors and the drugs from pharmacies. In exchange, Crankshaw and Parker gave drugs to the individuals for their own use, and also provided them money, lodging and food. Crankshaw and Parker then sold the illegally obtained prescription pain pills to dealers and other customers for a profit.

2

After her arrest, Parker died of an overdose of oxycodone. During a search of her and Crankshaw's house, officers found, among other things, a binder with financial records of their illegal drug business, a notebook with the names of pharmacies around the state, and pill bottles.

In challenging the sufficiency of the evidence, Crankshaw asserts that the evidence points only to Parker's guilt and that there is no evidence implicating her in the illegal prescription drug operation. However, Crankshaw ignores evidence presented by the state showing that she actively participated in the drug operation with Parker by supplying drugs to a dealer; driving individuals to pharmacies and pain clinics to obtain the drugs; directing and paying another person to take individuals to specific pharmacies and pain clinics; instructing individuals how to act in doctor offices to avoid suspicion; instructing individuals on the documentation needed to obtain prescription drugs from a doctor; and giving money, pills, food and lodging to individuals in exchange for the prescription drugs. Having reviewed the evidence in the light most favorable to the verdict, we conclude that the overwhelming evidence of guilt "was sufficient to sustain the conviction[s.]" *Atkinson v. State*, 280 Ga. App. 635, 637 (634 SE2d 828) (2006).

2. *Admission of hearsay*.

3

Crankshaw claims that the trial court erred in admitting hearsay when a police officer testified that after he placed co-conspirator Parker under arrest, she said that she was not feeling well and had "swallowed Ronya's pills." However, as Crankshaw acknowledges, she did not object to the testimony. "As a result, [Crankshaw] has waived any [hearsay] claim about the admissibility of the [testimony]." *Cotton v. State*, 297 Ga. 257, 259 (3) (773 SE2d 242) (2015) (citations omitted). See also OCGA §§ 24-1-103 (a) (1) & 24-8-802. She also has not demonstrated plain error, having failed, in light of the overwhelming evidence of guilt, "to make an affirmative showing that the [admission of the testimony] probably did affect the outcome below." *Gates v. State*, ___ Ga. ___ (3) (Case No. S15A1407, decided January 19, 2016) (citation and punctuation omitted). See also OCGA § 24-1-103 (d).

3. *Ineffective assistance of counsel.*

Crankshaw claims that she is entitled to a new trial because her trial counsel was ineffective in (a) failing to inform her of the state's plea offer, (b) failing to object to the state's motion in limine seeking admission of hearsay statements made by deceased co-conspirator Parker, (c) failing to raise best evidence objections to certain testimony, and (d) failing to object to inadmissible hearsay.

4

> To establish [these] claim[s] of ineffective assistance of counsel, [Crankshaw] must show that (1) [her] trial counsel's performance was professionally deficient and (2) but for such deficient performance there is a reasonable probability that the result of the trial would have been different. On appeal, this [c]ourt accepts the trial court's findings of fact, unless they are clearly erroneous. However, the trial court's legal conclusions are reviewed de novo.

*Adams v. State*, ___ Ga. ___ (2) (Case No. S15A1825, decided January 19, 2016) (citation and punctuation omitted). Crankshaw has failed to show both deficient performance and prejudice.

a. *Plea offer.*

Crankshaw contends that trial counsel failed to convey to her the state's final plea bargain offer of 30 years, with 8 years to be served as a recidivist and the remainder on probation. But contrary to Crankshaw's assertion, at the motion for new trial hearing, counsel testified that although he could not recall the precise numbers involved in the plea offer, he did discuss the state's final offer with Crankshaw and she adamantly refused to accept any offer involving recidivist sentencing. Based on this testimony, the trial court was authorized to find that counsel did in fact communicate the state's final plea offer to Crankshaw.

Crankshaw's conflicting testimony at the hearing, claiming that counsel did not convey the offer to her, does not alter this result as the trial court found that she was

5

not a credible witness and the court was "not required to accept [her] version of events." *Ansley v. State*, 325 Ga. App. 226, 235 (4) (a) (750 SE2d 484) (2013) (citation and punctuation omitted). "[I]t was the function of the trial court at the hearing on the motion for new trial to determine witness credibility and to resolve any conflicts in the testimony between the witnesses." *Alwin v. State*, 267 Ga. App. 236, 238 (1) (599 SE2d 216) (2004) (citation and punctuation omitted). Accordingly, Crankshaw "has failed to establish that [s]he received ineffective assistance of counsel in connection with the [s]tate's plea offer." *Silvey v. State*, ___ Ga. App. ___ (3) (a) (Case No. A15A1139, decided November 20, 2015).

b. *Motion in limine.*

Crankshaw argues that trial counsel was ineffective in failing to object to the state's motion in limine seeking admission of hearsay statements made by deceased co-conspirator Parker. However, counsel testified at the motion for new trial hearing that he did not object to the statements as a matter of trial tactics and strategy. According to counsel, the defense theory was that Parker was the "kingpin" running the illegal narcotics operation, and evidence of her statements actually enhanced that defense. See *Hurt v. State*, 298 Ga. 51, 57 (3) (b) (779 SE2d 313) (2015) (no ineffective assistance where counsel failed to raise hearsay objection to recordings

6

that supported defense theory that another person was actual perpetrator). "The decision of whether to interpose certain objections is a matter of trial strategy and tactics. Errors in judgment and tactical errors do not constitute denial of effective assistance of counsel." *Abernathy v. State*, 299 Ga. App. 897, 903 (3) (a) (685 SE2d 734) (2009) (citations and punctuation omitted). Here, trial counsel's decision not to object to the motion in limine concerning Parker's statements was a matter of "trial tactics and strategy [that] do[es] not amount to ineffective assistance of counsel." *Collier v. State*, 303 Ga. App. 31, 35 (3) (692 SE2d 697) (2010) (citation and punctuation omitted).

c. *Best evidence*.

Crankshaw contends that trial counsel was ineffective for failing to assert best evidence objections to testimony concerning an email, business cards, and a text message. Pretermitting whether any such best evidence objections had merit, the

> ineffective assistance claim on this ground fails because [Crankshaw] cannot show prejudice. [She] did not show that if trial counsel had made such [] objection[s] that the [s]tate could not have introduced the original writings or satisfactorily accounted for their absence. [Crankshaw] has [thus] failed to demonstrate to a reasonable probability that, but for counsel's failure to assert [] best evidence rule objection[s], the trial's result would have been different. Accordingly, the jury verdict will stand.

*Smith v. State*, 317 Ga. App. 801, 806 (3) (c) (732 SE2d 840) (2012) (citations and punctuation omitted).

d. *Hearsay objection.*

Crankshaw complains that trial counsel was ineffective in failing to raise a hearsay objection to a witness' testimony that various individuals asked Parker and Crankshaw for pills. But given the overwhelming evidence of guilt, "we cannot say this testimony in reasonable probability changed the outcome of [the] trial; accordingly, [Crankshaw] suffered no prejudice from trial counsel's failure to object to this testimony." *Hurt*, supra at 58 (3) (d).

4. *Merger.*

Crankshaw argues that the trial court erred in failing to merge the offenses of attempt to sell oxycodone and possession of oxycodone with intent to distribute because they were based on the same conduct. However,

> [u]nder OCGA § 16-1-7, when the same conduct of an accused establishes the commission of more than one crime, the accused may be prosecuted for each crime, unless one crime is included in the other. To determine if one crime is included in and therefore merges with another, we apply the "required evidence" test set forth in *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006). Under that test, we examine whether each offense requires proof of a fact which the other does not.

8

*Castaneira v. State*, 321 Ga. App. 418, 429 (6) (740 SE2d 400) (2013) (citations and punctuation omitted).

Here, the attempt to sell oxycodone offense required the state to prove that Crankshaw had the intent to sell the drug and that she took a substantial step toward that crime by arranging the sale of a certain amount of oxycodone pills, which the state proved through evidence that the co-conspirators had agreed over the phone to meet a drug dealer at their house and sell him 300 oxycodone pills for $5,400. See OCGA §§ 16-4-1, 16-13-30 (b) & 16-13-33. The possession of oxycodone with intent to distribute offense required the state to prove that Crankshaw possessed the drug with the intent to distribute it. See OCGA § 16-13-30 (b). Thus, each offense required proof of a fact that the other did not - the substantial step element of the attempt charge was not required to prove the possession with intent charge, while the possession element of the possession with intent charge was not required to prove the attempted sale charge. See generally *Sullivan v. State*, 178 Ga. App. 769, 771 (344 SE2d 737) (1986) (illegal possession and illegal sale of a proscribed drug are separate crimes as a matter of law). Indeed, "the *Drinkard*-required evidence test for merger applies to cases involving attempt crimes. Because [Crankshaw's] convictions for offenses in this case each required proof of a fact which the other did not, the trial

9

court did not err in [not merging them and in] sentencing [her] on both of these convictions." *Brown v. State*, 321 Ga. App. 798, 803 (3) (743 SE2d 474) (2013) (citations and punctuation omitted).

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*