**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 18, 2016**

# In the Court of Appeals of Georgia

A16A1339. WARD v. THE STATE.

McFADDEN, Judge.

After a jury trial, Lavalis Ward was convicted of criminal attempt to commit armed robbery, two counts of burglary, possession of a firearm during the commission of a crime, possession of a tool for commission of a crime, possession of a controlled substance, and possession of a firearm by a convicted felon. Ward appeals, claiming that his trial counsel was ineffective; however, Ward has failed to show that his counsel's performance was both deficient and prejudicial. Ward also challenges the trial court's admission of certain evidence, but he has not shown that the court abused its discretion in its evidentiary rulings. Finally, Ward contends that the attempted armed robbery and burglary offenses should have been merged for purposes of sentencing. We agree that the two burglary counts, which were based on

a single illegal entry into a building, should have been merged; but the attempted armed robbery and burglary offenses were not based on the same conduct and thus properly were not merged for sentencing. Accordingly, we affirm in part, vacate in part, and remand for resentencing on the burglary counts.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence." *Hall v. State*, 335 Ga. App. 895 (783 SE2d 400) (2016) (citation omitted). So viewed, the evidence shows that on June 19, 2011, at approximately 2:30 in the morning, Ward and an accomplice went to the victim's apartment to steal money that they had learned was supposedly hidden under a mattress. Ward forced his way into the apartment with a handgun while his accomplice waited outside. As Ward ransacked the apartment looking for the money, he threatened and hit the victim with the gun. After failing to find the money, Ward and his accomplice fled. The state also introduced evidence of Ward's prior convictions arising from a similar home invasion.

1. *Tape recording.*

Ward contends that the trial court erred in allowing the state to play a tape recording because it contained statements from a detective that invaded the jury's

province by addressing an ultimate issue of fact. However, as Ward notes in his brief, this objection to the tape recording was not raised at trial; rather, his attorney raised only a *Miranda* objection to the tape. Because no ultimate issue objection to the evidence was raised at trial, Ward "may not now raise it for the first time on appeal. Where an entirely different objection or basis for appeal is argued in the brief which was not presented at trial we will not consider that basis as we are limited to those grounds presented to and ruled upon by the trial court." *Holmes v. State*, 271 Ga. App. 122, 123 (1) (608 SE2d 726) (2004) (citation and punctuation omitted). See also *Batten v. State*, 295 Ga. 442, 444 (2) (761 SE2d 70) (2014) (ultimate issue objection to investigator's testimony was not preserved for appellate review).

2. *Song lyrics.*

Ward contends that the trial court erred by allowing admission of redacted lyrics of a rap song he had written, arguing that the lyrics were irrelevant and unduly prejudicial. "The exclusion of evidence that is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion." *Taylor v. State*, 297 Ga. 132, 135 (3) (772 SE2d 630) (2015) (citation and punctuation omitted). Both this court and our Supreme Court have held that a trial court does not abuse its discretion in admitting

3

evidence of a defendant's written lyrics when the evidence is relevant to some issue in the case. See *Taylor*, supra (no error in admitting rap lyrics referencing a particular type of gun); *Castillo v. State*, 281 Ga. 579 (7) (a) (642 SE2d 8) (2007) (no error in admitting song lyrics suggesting defendant might be inclined to violence); *Thomas v. State*, 270 Ga. App. 181, 183 (2) (606 SE2d 275) (2004) (no error in admitting song lyrics suggesting that defendant might be inclined to engage in violent encounter with police). Here, the state contended, and presented evidence showing, that Ward had attempted to intimidate various witnesses from testifying against him in this case. The rap lyrics in question referenced violence toward witnesses and thus were relevant to the issue of witness intimidation. Accordingly, "[t]he trial court did not abuse its discretion by admitting this relevant evidence." *Taylor*, supra (citation omitted).

3. *Drug paraphernalia.*

Ward claims that the trial court erred in allowing the state to introduce evidence of drug manufacturing paraphernalia found during a search of his home because it impermissibly placed his character in issue. But even if we assume, without deciding, that the court erred in allowing the evidence, "the error [was] harmless because . . . the evidence of [Ward's] guilt[, including the victim's eyewitness

identification of Ward, the accomplice's incriminating testimony, and the similar transaction,] was overwhelming and it is therefore highly probable that the admission of the challenged [evidence] did not contribute to the verdict. [Cit.]" *Johnson v. State*, 292 Ga. 785, 789 (4) (741 SE2d 627) (2013) (any error in allowing evidence of defendant's involvement in a drug transaction for which he was not on trial was harmless due to overwhelming evidence of guilt). Accord *Ingram v. State*, 232 Ga. App. 802, 804 (503 SE2d 70) (1998) (any error in admitting evidence of defendant's commission of independent crime was "harmless given the overwhelming evidence of [his] guilt.").

4. *Ineffective assistance of counsel.*

To prevail on his claim of ineffective assistance of counsel, Ward

> must show [both] that trial counsel's performance [was deficient in that it] fell below a reasonable standard of conduct and that [it was prejudicial because] there existed a reasonable probability that the outcome of the case would have been different had it not been for counsel's deficient performance. If [Ward] fails to [prove] either prong of the [two-part] test, this relieves the reviewing court of the need to address the other prong.

*Scott v. State*, 290 Ga. 883, 889 (7) (725 SE2d 305) (2012) (citations and punctuation omitted). Ward has failed to show that his trial counsel's performance was both deficient and prejudicial.

5

a. *Motion for directed verdict of acquittal.*

Ward complains that his trial counsel was ineffective in moving for a directed verdict of acquittal on the armed robbery count, theorizing that the motion prompted the state to request a jury charge on attempted armed robbery as a lesser offense. At the motion for new trial hearing, counsel testified that his reason for the motion for a directed verdict of acquittal was the lack of evidence showing that anything was taken from the victim. When asked about the state's ability to request attempted armed robbery as a lesser included offense, counsel responded, "Well, I guess they were free to assert any theory they had that was supported by the evidence."

Generally, decisions on whether to raise, and how to argue, motions are matters of trial strategy. *Taylor v. State*, 337 Ga. App. 486, 492 (4) (a) (788 SE2d 97) (2016); *Minor v. State*, 328 Ga. App. 128, 142 (8) (b) (761 SE2d 538) (2014). "As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." *Smith v. State*, 335 Ga. App. 742, 746 (3) (782 SE2d 824) (2016) (citation and punctuation omitted). Moreover

> Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does

6

not require a finding that defendant's original representation was inadequate.

*Powell v. State*, 198 Ga. App. 509, 511-512 (1) (402 SE2d 108) (1991) (citations and punctuation omitted).

Here, trial counsel's decision to move for a directed verdict of acquittal due to insufficient evidence was certainly a reasonable strategy, especially since the jury did not find Ward guilty of the very offense that was the subject of that motion. The mere "fact that [Ward] now finds fault with trial counsel's strategy does not require a finding that he received deficient representation. [Cit.] Given [Ward's] failure to demonstrate error by the trial court, we will not disturb its denial of [his] motion for new trial based on ineffective assistance of counsel. [Cit.]" *Zapata v. State*, 291 Ga. App. 485 (662 SE2d 271) (2008) (rejecting claim that trial counsel was ineffective in moving for a directed verdict of acquittal because such motion allowed the state to reopen the evidence). See also *Hicks v. State*, 337 Ga. App. 567, 571 (4) (788 SE2d 502) (2016) (finding that counsel's strategic decision to move for a directed verdict did not amount to ineffective assistance).

b. *Bulletin.*

Ward contends that his trial counsel was ineffective in failing to raise an improper character evidence objection to a police officer's testimony that there was a bulletin with Ward's information on it in the police station. However, even if such a character objection would have been appropriate, Ward "has not met his burden of showing prejudice. The overwhelming evidence of his guilt forecloses the reasonable probability that the trial result would have been different if trial counsel had objected to the testimony." *Andemical v. State*, 336 Ga. App. 661, 667 (4) (a) (786 SE2d 238) (2016) (citation omitted).

   c. *Similar transaction testimony.*

Ward claims his trial counsel was ineffective in failing to object to hearsay during a detective's testimony about the similar transaction. However, in addition to the detective's testimony, the state also introduced a certified copy of his convictions arising from the prior incident and the testimony of his accomplice in that incident. And as noted above, the evidence of Ward's guilt in the instant case was overwhelming. Consequently, "[p]retermitting whether trial counsel's performance was deficient for failing to object on hearsay grounds to the detective's testimony at trial, [Ward] has failed to establish a reasonable probability that, but for counsel's [lack of an] objection to the testimony in question, the result of the proceeding would

8

have been different." *Jones v. State*, 329 Ga. App. 478, 483 (4) (765 SE2d 657) (2014) (citations omitted).

d. *Third-party and co-indictee statements.*

Ward claims that his trial counsel was ineffective in failing to object to statements made by third-parties in a recorded telephone call and to statements of a co-indictee who disappeared before trial. But Ward "does not point to any specific [statements by third-parties or the co-indictee] to which his trial counsel should have objected[.]" *Gipson v. State*, 332 Ga. App. 309, 322 (8) (d) (772 SE2d 402) (2015). Accordingly, these claims provide no basis for finding ineffective assistance of counsel. See *Stokes v. State*, 281 Ga. 825, 834 (8) (e) (642 SE2d 82) (2007) (no ineffective assistance shown where appellant failed to cite specific deficiencies); *Conway v. State*, 281 Ga. 685, 690 (3) (642 SE2d 673) (2007) (no ineffective assistance where appellant failed to show specific instances of counsel's alleged failure to prepare for trial); *Bennett v. State*, 289 Ga. App. 110, 114 (3) (657 SE2d 6) (2008) (appellant failed to identify witness whom he claimed counsel should have called at trial).

e. *Detective's recorded statements.*

9

Ward argues that his trial counsel was ineffective in failing to raise relevance and ultimate issue objections to statements made by a detective on a recording which indicated the detective's belief that his investigation pointed to Ward's guilt. But even assuming such objections would have been appropriate, "given the overwhelming evidence of guilt, we cannot say [these brief statements] in reasonable probability changed the outcome of the trial; accordingly, [Ward] suffered no prejudice from trial counsel's failure to object to this [evidence]." *Crankshaw v. State*, 336 Ga. App. 700, 703 (3) (d) (786 SE2d 245) (2016) (citation and punctuation omitted).

5. *Merger.*

Ward argues that the trial court should have merged the attempted armed robbery and the two burglary offenses for sentencing because all three counts were based on the same conduct. We agree that the two counts of burglary should have been merged for sentencing; however, the trial court correctly ruled that the attempted armed robbery count did not merge with either of the burglary offenses.

a. *Burglary counts.*

The two counts of burglary upon which the jury found Ward to be guilty were based on the same unlawful entry into the victim's house, but one count was

10

predicated on the intent to commit a theft and the other was predicated on the intent to commit an aggravated assault. The trial court imposed separate sentences for each burglary count. However, "[w]here one course of conduct violates one criminal statute in several ways described in the statute, a defendant is guilty of only one crime. [Cits.]" *Spears v. State*, 296 Ga. 598, 601-602 (2) (769 SE2d 337) (2015). Since Ward's one entry into the victim's house was committed with a dual intent to commit theft and aggravated assault, the trial court should not have imposed two separate sentences and instead should have merged the burglary counts for sentencing. See *Andrews v. State*, 328 Ga. App. 344, 348 (2) (a) (764 SE2d 553) (2014) (finding two burglary counts should have merged because only one burglary occurred where defendant entered building with dual intent of committing theft and rape). Compare *Spears*, supra (two separate entries authorized separate sentences for two burglary counts). We therefore vacate the erroneous burglary sentences and direct the trial court, on remand, to merge the two burglary counts for sentencing. See *Andrews*, supra.

b. *Attempted armed robbery.*

Contrary to Ward's argument, the trial court did not err in failing to merge the attempted armed robbery with the burglary counts for sentencing.

11

While an accused may be prosecuted for more than one crime arising out of the same criminal conduct, he may not be convicted of more than one crime arising out of the same criminal conduct where one crime is included in the other. OCGA § 16-1-7 (a) (1). A crime is included in the other when: (1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission. OCGA § 16-1-6. With respect to subsection (1), the "required evidence test" is utilized to determine whether multiple convictions are precluded because one of the crimes was established by proof of the same or less than all the facts that were required to establish the other crime. . . . [T]hat [required evidence] test is exclusive to a merger analysis under OCGA § 16-1-6 (1); however, there are other circumstances in which a merger analysis will not end with the required evidence test.

*Regent v. State*, 299 Ga. 172, 175 (787 SE2d 217) (2016) (citations, punctuation and emphasis omitted).

In the instant case, the attempted armed robbery and burglary offenses were not established by proof of the same facts and thus were not included offenses.

Under Georgia law, a person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another. A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime. A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device

12

having the appearance of such weapon. Thus, the elements of burglary and attempted armed robbery and the culpable mental states required of these crimes are different.

*Culbreath v. State*, 328 Ga. App. 153, 156-157 (2) (a) (761 SE2d 557) (2014) (citations omitted). Because the burglary and attempted armed robbery offenses in this case "require[d] proof of at least one fact different from the others[,] these crimes did not merge." Id. at 157 (2) (a). See also *Crankshaw*, supra at 704 (4).

Moreover, Ward has not shown and we do not find any further circumstances under which the attempted armed robbery and burglary offenses in this case should have merged. Compare *Regent*, supra at 175-176 (finding that the charged aggravated assault and aggravated battery offenses should have merged because they differed only in the seriousness of the injury to the victim). Thus, even though the trial court should have merged the burglary counts, as discussed above, the trial court did not err in refusing to merge the attempted armed robbery with the burglary counts for sentencing.

*Judgment affirmed in part and vacated in part, and case remanded with direction. Miller, P. J. concurs. McMillian, J., concurs in the judgment only.*

13