**THIRD DIVISION
ELLINGTON, P. J.,
ANDREWS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 8, 2017**

# In the Court of Appeals of Georgia

A17A0126. HOLLINS v. THE STATE.

PER CURIAM.

Following a jury trial, Cameron Hollins was convicted of aggravated assault and possession of a firearm during the commission of a felony. After the denial of his motion for new trial, Hollins filed this appeal, in which he asserts that the trial court erred when it instructed the jury that it could convict him of aggravated assault in a manner not alleged in the indictment. Finding no error, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Punctuation omitted.) *Crankshaw v. State*, 336 Ga. App. 700 (1) (786 SE2d 245) (2016). So viewed, the record shows that Hollins and his codefendant, Adam Pfeifer, called a taxicab to drive them from the Sugarloaf Mills shopping center

to an apartment complex near Hollins's residence, where Pfeifer also stayed. Hollins sat behind the taxicab driver, and Pfeifer sat behind the passenger seat. The driver was subsequently found dead in the parking lot of the apartment complex, having been killed by a single gunshot behind his right ear. The driver had cash in both his wallet and his pocket, neither of which were taken, and his phone and other personal belongings remained in the taxicab.

Police discovered a latent fingerprint on the taxicab that matched that of Pfeifer, who had an outstanding warrant and was quickly arrested. At the time of his arrest, Pfeifer was carrying a backpack containing the gun that was later determined to have fired the bullet that killed the driver. The backpack also contained papers with Hollins's name on them, and further investigation revealed Hollins's fingerprints on the rear driver door handle of the taxicab.

Hollins was subsequently arrested and was jointly charged with Pfeifer for the offenses of murder, felony murder, aggravated assault, and possession of a firearm during commission of a felony.[1] Pfeifer, however, ultimately agreed to accept a plea offer and to testify against Hollins. During the ensuing trial, Pfeifer testified that he

---

[1] Pfeifer was also charged with possession of a firearm by a convicted felon during the commission of a felony.

2

and Hollins communicated during the cab ride through a cellular phone application called Kik, and that Hollins stated his intent to rob and kill the taxicab driver. Pfeifer maintained that he exited the taxicab upon arriving at the apartment complex, and that he then heard Hollins fire the fatal shot.

The jury convicted Hollins of aggravated assault and possession of a firearm during the commission of a felony, but acquitted him of murder. The jury deadlocked on the charge of felony murder and the State agreed to accept the partial verdict. This appeal follows the trial court's denial of Hollins's motion for new trial.

In his sole enumeration of error, Hollins contends that trial court erred by charging the jury that it could convict him of aggravated assault in a manner not alleged in the indictment. The indictment alleged that Hollins and Pfeifer assaulted the driver "with a firearm, a deadly weapon, by shooting him. . . ." See OCGA § 16-5-21 (b) (2) ("A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon . . ."). In addition to reading the indictment to the jury, the trial court instructed it as follows:

> A person commits the offense of aggravated assault when that person assaults another person with a deadly weapon. To constitute such an assault, actual injury to the alleged victim need not be shown. It is only necessary that the evidence show beyond a reasonable doubt that the

3

defendant attempted to cause a violent injury to the alleged victim or intentionally committed an act that placed the alleged victim in reasonable fear of immediately receiving a violent injury. The State must also prove, as a material element of aggravated assault as alleged in this case, that the assault was made with a deadly weapon.

See OCGA § 16-5-20 (a) ("A person commits the offense of simple assault when he or she either: (1) [a]ttempts to commit a violent injury to the person of another; or (2) [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury.").

Relying on the well established law that "[i]t is error to charge the jury that a crime may be committed by two methods, when the indictment charges it was committed by one specific method," (Citation and punctuation omitted.) *Childs v. State*, 257 Ga. 243, 253 (17) (357 SE2d 48) (1987), Hollins asserts that the definition of simple assault should have been limited to that of an "attempt[ ] to cause a violent injury" to the victim. He contends that after being given the complete definition of simple assault, the jury may have convicted him of aggravated assault solely for placing the victim in reasonable apprehension of receiving a violent injury, when the indictment demanded a finding that he assaulted the victim by shooting him.

4

Because Hollins did not object to the charge at trial, we analyze this case under a plain error standard of review, in accordance with *State v. Kelly*, 290 Ga. 29 (718 SE2d 232) (2011).

> Under that analysis, we must determine whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings. If all three of these questions are answered in the affirmative, this Court has the discretion to reverse if the error seriously affects the fairness, integrity or public reputation of the proceedings below. As noted by our Supreme Court, satisfying all four prongs of this standard is difficult, as it should be.

(Citations and punctuation omitted.) *Bledson v. State*, 337 Ga. App. 444, 447-448 (2) (787 SE2d 809) (2016).

As has been previously explained by our Supreme Court, the trial court did not err in charging the jury on the complete definition of simple assault in this aggravated assault case:

> The indictment did not and need not . . . specify the manner in which the defendant committed the simple assault, when that is a lesser included offense within the greater offense of aggravated assault. Instead, an indictment for aggravated assault should, as it did in this case, allege the aggravating aspect of the simple assault. This indictment was sufficient to put [the defendant] on notice that he could be convicted for aggravated assault if he committed a simple assault in either manner

5

contained in the simple assault statute, so long as the State proved that he did so by use of a gun. The two charged methods of committing simple assault, as an element of aggravated assault, did not provide an improper basis for the jury to convict [the defendant] of aggravated assault. The trial court did not charge a separate, unalleged method of committing aggravated assault, but simply defined both methods of committing simple assault, a lesser included offense.

(Punctuation and footnotes omitted.) *Simpson v. State*, 277 Ga. 356, 358 (3) (589 SE2d 90) (2003) (holding, in a case involving a defendant charged with aggravated assault "by shooting [the victim] with a gun," that the trial court did not err in charging the jury that it could convict the defendant of aggravated assault "if, by his actions, he either shot [the victim] or placed [the victim] in reasonable apprehension of being shot"); see *Bates v. State*, 275 Ga. 862, 864-65 (3) (572 SE2d 550) (2002) ("[A] court's instruction on aggravated assault necessarily includes the law on simple assault, and the statement in the indictment that [the defendant] committed the aggravated assault 'by shooting' [the victim], together with the evidence presented, raised the possibility of assault in the manner in which the court instructed the jury.") (citations and punctuation omitted); see also *Marsh v. State*, 254 Ga. App. 342, 343-44 (2) (a) (562 SE2d 269) (2002). Moreover, the jurors were read the indictment and

instructed that they were authorized to convict Hollins only if they determined that he committed the offense of aggravated assault as alleged in the indictment.

It follows that the trial court did not err in giving the complete definition of simple assault, and Hollins has failed to show he is entitled to a new trial on this basis.

*Judgment affirmed. Division per curiam. All judges concur.*