In the Supreme Court of Georgia

Decided: June 6, 2016

S15G1829.  REGENT v. THE STATE.

HUNSTEIN, Justice.

Appellant Steven Regent pled guilty to one count of aggravated assault and one count of aggravated battery arising out of an incident in which he twice, in quick succession, slashed his girlfriend's throat.  The Court of Appeals affirmed Regent's conviction and sentence for each offense, see Regent v. State, 333 Ga. App. 350 (774 SE2d 213) (2015), and we granted certiorari to review the Court of Appeals' conclusion that Regent's convictions do not merge.  We now hold that Regent's conviction for aggravated assault merged with his conviction for aggravated battery, and we reverse the judgment of the Court of Appeals.

A Fulton County grand jury indicted Appellant on one count of aggravated battery and one count of aggravated assault.  The indictment charged as follows:

**Count 1 of 2**

. . . the citizens of Georgia, do charge and accuse [Appellant] with the offense of Aggravated Assault OCGA § 16-5-21, for the said accused, in the County of Fulton and State of Georgia, on the 27th day of January, 2008, **did unlawfully commit an assault upon the [victim] by cutting her throat with a knife**, an object which when used offensively against a person is likely to result in serious bodily injury; - contrary to the laws of said State, the good order, peace and dignity thereof;

### Count 2 of 2

. . . and the Grand Jurors aforesaid, in the name and behalf of the citizens of Georgia do charge and accuse [Appellant] with the offense of Aggravated Battery OCGA § 16-5-24, for said accused, in the County of Fulton and State of Georgia, on the 27th day of January, 2008, **did maliciously cause bodily harm to [the victim] by seriously disfiguring her body; said accused having accomplished said act by slashing her across the throat with a knife**; - contrary to the laws of said State, the good order, peace and dignity thereof.

(Emphasis added.) Appellant entered a non-negotiated plea of guilty to both counts, and, following Appellant's plea, the trial court received detailed testimony from the victim. The victim testified that, shortly after the couple returned to her residence following a birthday party, Appellant suddenly began punching her; she fell to the floor. Appellant retrieved a knife from the kitchen. According to the victim, Appellant "took the knife and slithered it across [her] throat," almost slicing off her ear. The victim testified that she screamed and

fought but that he "did it again," cutting her throat below the original injury. As a result of her injuries, the victim has trouble speaking, eating, and swallowing; the victim has also lost her sense of taste and has no feeling on the injured side of her face.

Appellant was sentenced to prison for 20 years, with 12 years to serve, for the aggravated assault conviction; he received a consecutive 10-year sentence for aggravated battery. On appeal, Appellant argued that the trial court erred by denying his motion to merge the two convictions. The Court of Appeals, applying the "required evidence test," see Drinkard v. Walker, 281 Ga. 211 (636 SE2d 530) (2006), concluded that "aggravated assault and aggravated battery are two separate offenses with different elements of proof" and, thus, that the two offenses did not merge. Regent, 333 Ga. App. at 352. We granted certiorari to review the Court of Appeals' merger analysis, which we conclude was incomplete and, therefore, incorrect.

"Whether offenses merge is a legal question, which we review de novo." Louisyr v. State, 307 Ga. App. 724, 730 (2) (706 SE2d 114) (2011).

As an initial matter, the indictment appears to charge Appellant as if each slice of the knife was a separate criminal act, the first count charging aggravated

assault based on Appellant's act of "cutting" the victim's throat and the second count charging aggravated battery based on Appellant's act of "slashing" the victim's throat. Though we have not addressed this exact scenario, our case law plainly holds that multiple wounds inflicted in quick succession do not necessarily constitute distinct criminal acts. See Montes v. State, 262 Ga. 473 (1) (421 SE2d 710) (1992). See also Coleman v. State, 286 Ga. 291, 295 (3) (687 SE2d 427) (2009) ("When a victim suffers multiple wounds inflicted in quick succession, each infliction of injury does not constitute a separate assault."). Cf. Lowe v. State, 267 Ga. 410, 412 (1) (a) (478 SE2d 762) (1996) (separate convictions for aggravated assault and murder were authorized by evidence showing that defendant committed an initial aggravated assault independent of his subsequent act which caused the victim's death). Rather, we have recognized that a deliberate interval must exist between the completion of one criminal act and the start of a separate criminal act. Ingram v. State, 279 Ga. 132, 133 (2) (610 SE2d 21) (2005).

Here, Appellant straddled his girlfriend, slashed her throat and, almost immediately thereafter while she fought against him, cut her again. The record sufficiently establishes that Appellant's actions were "part of a continuous

4

criminal act, committed at the same time and place and inspired by the same criminal intent." Id. See also Mikell v. State, 286 Ga. 722, 724-725 (3) (690 SE2d 858) (2010) (49 successive stab wounds inflicted in quick succession constituted a single assault). Accordingly, though Appellant was charged as if he had committed two distinct criminal acts, the charges here arose out of the same criminal transaction. This conclusion does not end our inquiry; we must next determine whether Appellant's separate conviction and sentence for each offense was proper.

While an accused may be *prosecuted* for more than one crime arising out of the same criminal conduct, he may not be *convicted* of more than one crime arising out of the same criminal conduct where one crime is included in the other. OCGA § 16-1-7 (a) (1). A crime is included in the other when:

(1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or

(2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

OCGA § 16-1-6. With respect to subsection (1), the "required evidence test" is

utilized to determine "whether multiple convictions are precluded because one of the crimes was 'established by proof of the same or less than all the facts' that were required to establish the other crime." Drinkard, 281 Ga. at 216, n.32. While the Court of Appeals employed the required evidence test below, that test is exclusive to a merger analysis under OCGA § 16-1-6 (1); however, there are other circumstances in which a merger analysis will not end with the required evidence test. Ledford v. State, 289 Ga. 70, 73 (1) (709 SE2d 239) (2011). See also Crayton v. State, ___ Ga. ___, ___ (784 SE2d 343) (2016) (Blackwell, J., concurring in part and dissenting in part). As this Court explained in Drinkard, "[t]hese other statutory provisions resolve potential gaps in the Blockburger [v. United States, 284 U.S. 299 (52 SCt 180, 76 LEd 306) (1932)] 'required evidence' analysis which otherwise might support multiple convictions for closely related offenses where multiple convictions are unwarranted." 281 Ga. at 216, n.32. Thus, even if the Court of Appeals correctly concluded that aggravated assault and aggravated battery each require proof of elements that the other does not – thus satisfying the required evidence test relevant to OCGA § 16-1-6 (1) – the merger of the two offenses may still be required by Georgia's other statutory definitions of included offenses. Ledford, 289 Ga. at 73.

6

Relevant here, subsection (2) of OCGA § 16-1-6 provides that one crime is included in another if that crime differs from the other "only in the respect that a less serious injury or risk of injury to the same person, property or public interest . . . suffices to establish its commission." In <u>Ledford</u>, this Court concluded "that the only difference between aggravated battery and murder is that the former requires a less serious injury to the person of the victim, as the injury to a bodily member specified in the aggravated battery statute is obviously less serious than death." 289 Ga. at 74. See also <u>Soilberry v. State</u>, 289 Ga. 770 (3) (716 SE2d 162) (2011). Likewise, the offenses here, which are based on the single criminal act of Appellant cutting the victim's throat with a knife, only differ with respect to the seriousness of the injury or risk of injury suffered by the victim; while the aggravated assault count requires proof that Appellant cut the victim's throat with a knife, a weapon *likely* to result in serious bodily injury, the aggravated battery count requires proof of *actual* "bodily harm by serious disfigurement" that resulted from Appellant having slashed the victim's throat with a knife. Accordingly, as charged here, aggravated assault

is included in aggravated battery, and the two offenses should have merged.[1]

See Thomas v. State, 310 Ga. App. 404 (5) (714 SE2d 37) (2011) (aggravated assault and aggravated battery, both premised on defendant's act of striking the victim with a hammer, merged pursuant to OCGA § 16-1-6 (2) because, as charged in the indictment, aggravated assault required proof of a less serious injury than aggravated battery).

The trial court erred by failing to merge aggravated assault with

_____

[1]There exists a line of cases in the Court of Appeals holding that aggravated assault with a deadly weapon and aggravated battery do not merge because aggravated assault requires proof of the use of a weapon, while aggravated battery does not. See, e.g., Howard v. State, 334 Ga. App. 229 (2) (b) (779 SE2d 5) (2015). These decisions fail to recognize, however, that in cases where a defendant causes the serious bodily harm required for aggravated battery – which includes rendering a member of a body useless or serious disfigurement, see OCGA § 16-5-24 (a) – a defendant will almost always have used a "deadly weapon or . . . any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in bodily injury," which also proves aggravated assault, see OCGA § 16-5-21 (b) (2). See, e.g., Dasher v. State, 285 Ga. 308 (676 SE2d 181) (2009) (recognizing that hands and feet may be deadly weapons depending on the circumstances of the offense and the victim's injuries). Accordingly, though the statutory provisions differ with respect to a "weapon" element, the practical result is that the same weapon that is required for aggravated assault also plays a role in the injuries giving rise to the aggravated battery charge; in such cases, where serious bodily harm arises from the use of a deadly weapon, the bodily harm element implies the use of a weapon.

8

aggravated battery, and the Court of Appeals erroneously affirmed that decision.

The judgment of the Court of Appeals is reversed, and this case is remanded for

proceedings consistent with this opinion.[2]

Judgment reversed and case remanded.  All the Justices concur.

---

[2] The Court of Appeals also vacated a banishment provision in Appellant's sentence; we were not asked to consider this issue, and our decision has no bearing on that portion of the Court of Appeals' judgment.