**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 27, 2016**

# In the Court of Appeals of Georgia

A16A0071. HICKS v. THE STATE.

MILLER, Presiding Judge.

Following a jury trial, Ernest Lee Hicks was convicted of aggravated assault (OCGA § 16-5-21 (a) (2) (2013)) and battery (OCGA § 16-5-23 (2013)) as a lesser included offense of the aggravated battery charge.[1] Hicks appeals from the denial of his motion for new trial, contending that the trial court erred in (1) admitting his statements to police; (2) admitting evidence of the warrantless search of his residence; and (3) failing to merge his convictions. Hicks also contends that his trial counsel was constitutionally deficient for failing to object to venue for two separately indicted offenses. Upon review, we affirm Hicks's convictions. For the reasons set forth

---

[1] Hicks was acquitted of two additional charges – false imprisonment and hindering an emergency telephone call.

below, however, we vacate Hicks's sentence for simple battery and remand this case for resentencing.

Viewed in the light most favorable to Hicks's convictions,[2] the evidence shows that Hicks and the victim were involved in a romantic relationship and they lived together for a few months. Hicks had a history of violence and had previously hit the victim in the face and blackened her eye. The victim reported Hick's violence to police, obtained a temporary restraining order ("TPO"), and stayed away from Hicks for about six months.

In early December 2012, even though the restraining order was still in effect, the victim returned to Hicks's residence in Dade County for a few days with the understanding that they would just be friends. On the night of December 11, 2012, the victim gathered her belongings and told Hicks that she was leaving. When the victim started to walk out the door, Hicks, who was very intoxicated, pulled her back by the hair and started beating her with his fists.

Hicks knocked the victim down and choked her until she lost consciousness and started having seizures. Over the next several hours, Hicks beat and choked the victim, resulting in several broken bones in her face. Hicks also told the victim he had

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2

a gun, threatened to kill her, and told her that she was not leaving alive. The victim tried to get away from Hicks, but he would drag her back and continue beating her. Hicks also blocked the front door with a pallet or mattress, and he prevented the victim from using her phone to call for help. Eventually, Hicks took a handful of the victim's prescription Klonopin and passed out. The victim then called 911.

Dade County Sheriff's Officer McCloud received the 911 dispatch call shortly after 9:00 a.m. on the morning of December 12, 2012, and responded to the scene. Officer McCloud had previously served the TPO at Hicks's residence and knew about the prior incident between Hicks and the victim. When Officer McCloud arrived at Hicks's residence, he knocked on the door. Hicks heard the knock, pushed the victim back, and opened the door. After Hicks quickly slammed the door closed without saying anything, Officer McCloud radioed for backup and knocked a second time. The door then opened a second time and the victim walked out of the residence. The victim's face was bruised, she had black eyes, and she looked like she had been used as a punching bag. The victim told Officer McCloud what happened and he called for an ambulance. Officer McCloud then walked the victim to his patrol car to wait for the ambulance because it was freezing outside.

Investigator Cole, who also knew Hicks, and who heard the 911 dispatch call, responded to the scene, spoke to Officer McCloud, and observed the victim's injuries. After Investigator Cole arrived, Hicks finally came out of the residence and Officer McCloud spoke to him. Hicks had what appeared to be blood on his hands, as well as blood stains on his shirt, and he smelled of alcohol.[3]

Hicks asked Officer McCloud if he could go back into the residence to get a few things and lock up. Officer McCloud followed Hicks into the house to make sure no one else was inside. When they came back out, Officer McCloud asked Hicks about the stains on his clothing, and Hicks replied that the stains on his clothing were spaghetti sauce.

1. Hicks contends that the trial court erred in admitting his pre-*Miranda*[4] statements to the officers. In his appellate brief, however, Hicks fails to include a single citation to the record, and he points to no specific *incriminating* statement that he made to the officers. "[Hicks] bears the burden of proving error affirmatively by the record. It is not the function of this court to cull the record on behalf of a party in

---

[3] Forensic testing showed that Hicks had the victim's blood on his shirt.

[4] *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

4

search of instances of error." (Citations and punctuation omitted.) *Wade v. State*, 305 Ga. App. 382, 383 (1) (700 SE2d 827) (2010).

The only "statement" Hicks challenged at his suppression hearing was his "spaghetti sauce" comment. On appeal, Hicks failed to argue, and we fail to see, the incriminating nature of this statement. Accordingly, Hicks has not shown that the trial court erred in denying his motion for new trial.

2. Hicks contends that the trial court erred in admitting testimony or evidence concerning a warrantless search of his residence. We discern no error because Hicks has failed to point to evidence showing that the officers searched his home, much less any evidence that was illegally obtained during such a search. Notably, the record shows that Officer McCloud only followed Hicks into the residence to make sure that no one was there after Hicks asked if he could go back inside to get a few things and lock up. Accordingly, this enumeration of error is meritless.

3. Hicks contends that the trial court should have merged his convictions for aggravated assault and simple battery, which was the lesser included offense of the aggravated battery charge. Under the circumstances of this case, we agree.

"Georgia law prohibits multiple convictions if one crime is included in the other." (Citations and punctuation omitted.) *Ledford v. State*, 289 Ga. 70, 71 (1) (709

SE2d 239) (2011). In *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006), the Supreme Court of Georgia set forth the required evidence test for determining whether convictions merge "because one of the crimes was established by proof of the same or less than all the facts required to establish the other crime." (Punctuation omitted.) Id. at 216, n. 32; see also *Regent v. State*, __ Ga. __, *5-6 (Case No. S15G1829, decided June 6, 2016); OCGA § 16-1-6. Moreover, under OCGA § 16-1-6 (2), one crime is included in the other where the only difference involves a "less serious injury or risk of injury to the same person . . . or a lesser kind of culpability."

In this case, the aggravated assault charge[5] required the State to prove that Hicks used his hands as deadly weapons to choke the victim and beat her about the head and face in a manner that was likely to cause or actually resulted in serious bodily harm. As charged, the aggravated battery count required the State to prove that Hicks seriously disfigured the victim's body by striking her about the head and face. The jury, however, found Hicks guilty of the lesser included offense of simple

---

[5] A person commits the offense of aggravated assault when he uses a deadly weapon or object – in this case his hands – which, when used offensively against a person, is likely to or actually results in serious bodily injury. OCGA § 16-5-21 (a) (2).

6

battery, which only required proof that Hicks intentionally made physical contact with the victim or intentionally caused her harm when he struck her about the head and face.[6] These two offenses – aggravated assault and simple battery – differ only with respect to the risk of, or seriousness of, injury to the victim. Accordingly, the simple battery merges under OCGA § 16-1-6 (2). See *Regent*, supra, __ Ga at *7 (aggravated assault as charged merged with aggravated battery because crimes differed only with regard to the risk of injury suffered by victim or seriousness of injury). Consequently, we must vacate Hicks's conviction and sentence for simple battery and remand for resentencing.

4. Hicks contends that his trial counsel was constitutionally deficient for failing to object to venue with regard to two additional charges in a separate indictment – influencing a witness and aggravated stalking – which were consolidated for trial. The trial court granted Hicks's motion for new trial with regard to these additional charges and the State dismissed that indictment. Hicks argues that a proper objection from trial counsel would have immediately ended the trial in his favor, given the fact that the jury ultimately acquitted him of two charges – false imprisonment and

---

[6] A person commits the offense of simple battery when he intentionally makes physical contact with another person or intentionally causes harm to that person. OCGA § 16-5-23 (a).

hindering an emergency telephone call – and the jury found him guilty of only simple battery as a lesser included offense of aggravated battery. We do not agree.

"To establish an ineffective assistance of counsel claim, [Hicks] must show that the counsel's performance was deficient and that the deficient performance prejudiced the defense." (Citation and punctuation omitted.) *Brooks v. State*, 323 Ga. App. 681, 684 (2) (747 SE2d 688) (2013). Moreover, "[a] court need not address both the deficient performance and prejudice prongs of this test if the showing on one prong is insufficient." (Citation and punctuation omitted.) *Williams v. State*, 307 Ga. App. 780 (706 SE2d 82) (2011).

Here, trial counsel made a strategic decision to consolidate the two indictments for trial because he felt that the second indictment – for aggravated stalking and influencing a witness – would provide the jury with context and paint a more complete picture for them. Additionally, with regard to venue for the crimes charged in the second indictment, trial counsel strategically decided to move for a directed verdict, rather than objecting to the issue of venue at trial. Matters of trial strategy do not support a claim of ineffective assistance. See *Littlejohn v. State*, 320 Ga. App. 197, 207 (5) (a) (ii) (739 SE2d 682) (2013). Moreover, the jury acquitted Hicks on two additional counts under the first indictment – false imprisonment and hindering

8

an emergency telephone call – indicating that the jury was able to objectively consider the evidence presented at trial. See *Wofford v. State*, 329 Ga. App. 195, 205 (5) (a) (764 SE2d 437) (2014). Hicks has not shown that his trial counsel rendered constitutionally ineffective assistance. Consequently, we affirm Hicks's convictions, however, we vacate Hicks's sentence for simple battery and remand this case for resentencing.

*Judgment affirmed in part and vacated in part and case remanded for resentencing. McFadden and McMillian, JJ., concur.*