305 Ga. 694
FINAL COPY

### S19A0129. WOFFORD v. THE STATE.

BLACKWELL, Justice.

Briones Ladon Wofford was tried by a Floyd County jury and convicted of murder and other crimes in connection with the fatal shooting of Jimmie Sellers and the wounding of Mardell Blackburn. Wofford appeals, contending that he was denied the effective assistance of counsel. Upon our review of the record and briefs, we find no merit in this claim. We do note, however, that the trial court erred when it failed to merge an aggravated assault and an aggravated battery, both of which are based on the infliction of a single gunshot wound upon Blackburn. We vacate the conviction and sentence for aggravated assault, and we otherwise affirm.[1]

---

[1] Sellers and Blackburn were shot on February 28, 2016. A grand jury indicted Wofford and co-defendant Tennah Gueh in May 2016, charging each with murder with malice aforethought, murder in the commission of a felony, two counts of aggravated battery, four counts of aggravated assault, the unlawful possession of a firearm during the commission of a felony, and the unlawful possession of a firearm by a convicted felon. It appears that the charges against Gueh were later dropped. Wofford was tried alone in May 2017, and the jury found him guilty on all counts. The trial court sentenced

1. Viewed in the light most favorable to the verdict, the record shows that Wofford and his girlfriend, Tennah Gueh, went to a nightclub in Rome on the evening of February 27, 2016. Early the next morning, Sellers came to the club with his brother, Denier Floyd. Around 1:45 a.m., Wofford approached Floyd outside the club, where Floyd was talking to some women. Wofford pulled out a pistol, and when he refused to put it away, Floyd and Sellers decided to leave. Floyd and Sellers then drove to a house in south Rome, where Blackburn was living.

When Floyd and Sellers arrived at the home, they found not only Blackburn, but also Wofford in the front yard.[2] Sellers

---

Wofford to imprisonment for life without the possibility of parole for malice murder, a consecutive term of imprisonment for twenty years for an aggravated assault upon Blackburn, a concurrent term of imprisonment for twenty years for an aggravated battery upon Blackburn, a consecutive term of imprisonment for five years for possession of a firearm during the commission of a felony, and a concurrent term of imprisonment for five years for possession of a firearm by a convicted felon. The verdict as to felony murder was vacated as a matter of law, and the trial court merged the other counts for sentencing. Wofford timely filed a motion for new trial, which he amended in November 2017. The trial court denied the motion in April 2018, and Wofford then timely filed a notice of appeal. The case was docketed in this Court for the term beginning in December 2018 and submitted for decision on the briefs.

[2] It appears that Gueh remained in her car, which was parked on the street.

confronted Wofford about the incident at the club. The confrontation escalated, and Sellers punched Wofford in the face, knocking him to the ground. Blackburn intervened, and as he began to walk with Sellers across the street, Wofford picked up his pistol (which had fallen out of his pants when he fell) and fired at them. The gunshot struck Blackburn in the head, and he fell to the ground. Wofford then pursued Sellers around a parked car, continuing to shoot at him. When Sellers stopped and asked Wofford if he was "really going to kill [him] like this," Wofford shot Sellers in the head and fled the scene with Gueh. Blackburn survived the shooting, but Sellers did not.

(a) Wofford does not dispute that the evidence is sufficient to sustain his convictions. But consistent with our usual practice in murder cases, we have reviewed the record to assess for ourselves the legal sufficiency of the evidence. We conclude that the evidence presented at trial, when viewed in the light most favorable to the verdicts, was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Wofford was guilty of the crimes of

which he was convicted. See <u>Jackson v. Virginia</u>, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

(b) Although the jury was authorized by the evidence to find Wofford guilty of both an aggravated assault and an aggravated battery upon Blackburn, the trial court was authorized to enter a judgment of conviction and impose sentence for only one of those offenses. As charged in the indictment, the aggravated assault and the aggravated battery both were based on the single gunshot that struck Blackburn in the head. The trial court should have merged those crimes. See <u>Regent v. State</u>, 299 Ga. 172, 176 (787 SE2d 217) (2016) (aggravated assault merged with aggravated battery where both crimes were based on the same conduct toward the same victim). Because it did not, we vacate the conviction and sentence for aggravated assault.

2. Wofford claims that he was denied the effective assistance of counsel at trial. To prevail on this claim of ineffective assistance, Wofford must prove that his lawyer performed deficiently at trial and that he was prejudiced by this deficient performance. See

Strickland v. Washington, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). To prove deficient performance, Wofford must show that defense counsel performed his duties at trial in an objectively unreasonable way, considering all the circumstances and in the light of prevailing professional norms. Id. at 687-688 (III) (A). See also Kimmelman v. Morrison, 477 U. S. 365, 381 (II) (C) (106 SCt 2574, 91 LE2d 305) (1986). And to prove that he was prejudiced by this deficient performance, Wofford must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U. S. at 694 (III) (B). This burden is a heavy one, see Kimmelman, 477 U. S. at 382 (II) (C), and we conclude that Wofford has failed to carry it.

(a) Wofford first complains that his lawyer failed to ask a testifying police officer about certain photographs that were taken at the crime scene. The record shows that the lawyer asked the officer on cross-examination whether he had taken photographs of

jewelry at the crime scene. The officer responded that he did not recall having observed any jewelry at the crime scene. After a few more (unrelated) questions, the lawyer concluded his cross-examination and agreed that the officer could be excused. The lawyer never asked the officer if he could identify two photographs that purportedly depict a ring on the ground at the crime scene. According to Wofford, the ring depicted in those photographs was his and would have supported the justification defense that he asserted at trial.[3]

But we do not know what testimony the police officer would have given if the lawyer had asked him to identify the photographs. At the hearing on the motion for new trial, Wofford failed to call the officer as a witness, and Wofford failed to otherwise authenticate the photographs at issue. The only witness at the hearing was his trial lawyer, and the lawyer could only speculate about what the officer

---

[3] Wofford presented no evidence at trial, the opening and closing statements of counsel were not transcribed, and his appellate brief does not offer much detail about the particulars of this justification defense. It seems, however, that the defense was based on a claim that Sellers and Floyd tried to rob Wofford.

might have said in response to the line of cross-examination that Wofford says the lawyer should have pursued. But "a defendant cannot use defense counsel's testimony about what an uncalled witness had been expected to say in order to establish the truth of that uncalled witness's testimony." Dickens v. State, 280 Ga. 320, 322 (2) (627 SE2d 587) (2006). In the absence of any evidence that the officer could have offered favorable testimony at trial, Wofford cannot show that his lawyer rendered ineffective assistance when he failed to elicit such testimony. See Goodwin v. Cruz-Padillo, 265 Ga. 614, 616 (458 SE2d 623) (1995).

(b) Wofford also complains that his lawyer failed to impeach four witnesses for the prosecution — Floyd, Blackburn, a man who saw Wofford fleeing the scene and called 911, and a woman who saw the shootings — with prior convictions under OCGA § 24-6-609. These complaints, however, lack merit. As to Floyd, the lawyer, in fact, impeached him with two prior felony convictions. And although Floyd had other prior convictions, Wofford has failed to show that any of these other convictions would have been admissible to further

impeach Floyd.[4] As to Blackburn and the man who saw Wofford flee and called 911, Wofford has failed to show that they had any prior convictions, much less convictions that would have been admissible to impeach them.

As to the woman who saw the shootings, the only prior conviction with which she properly could have been impeached is a misdemeanor conviction for giving a false name to a police officer.[5] See OCGA § 24-6-609 (a) (2) (impeachment by conviction for crime involving "an act of dishonesty or making a false statement"). Wofford has failed to show that his lawyer was ineffective when he failed to use that prior conviction to impeach the woman. At the hearing on his motion for new trial, Wofford never asked his lawyer why he did not impeach the woman with her prior conviction for

---

[4] Some of Floyd's other convictions would have been presumptively inadmissible because they were too old, see OCGA § 24-6-609 (b), and his remaining convictions would have been absolutely inadmissible because they are not for felonies or crimes involving dishonesty or a false statement. See OCGA § 24-6-609 (a).

[5] The record shows that the woman also had a prior misdemeanor conviction for possession of marijuana, but that conviction would not be admissible under OCGA § 24-6-609 (a) (1) or (2).

giving a false name, and we assume that the lawyer declined to do so as a matter of strategy. See <u>Heard v. State</u>, 296 Ga. 681, 685 (3) (c) (769 SE2d 917) (2015). The record fails to show that such a strategy would have been unreasonable. The lawyer described the woman as "soft-spoken," she was a friend of Wofford, and she admitted on cross-examination at trial that she had been drinking for several hours prior to the shootings and that, until the shootings, she had not been paying much attention to Wofford or the other men involved in the shootings. As such, a competent lawyer could have concluded reasonably that it was better to portray the woman as well-meaning but mistaken, rather than attempting to portray her as dishonest by impeaching her with a prior conviction. Wofford has failed to show that his lawyer rendered ineffective assistance with respect to impeaching witnesses with prior convictions.

(c) Finally, Wofford complains that his lawyer failed to present evidence at trial that Sellers had a criminal history and was a gang member. But at the hearing on his motion for new trial, Wofford did not come forward with any evidence that Sellers, in fact, was ever in

a gang, so it is not clear what evidence of gang membership would have been available to his lawyer at the time of trial (or if such evidence would have been admissible). Wofford did produce evidence at the hearing that Sellers had numerous misdemeanor convictions, a 2007 conviction for felony marijuana possession, and a 2013 conviction for felony possession of drugs or weapons by an inmate.[6] But Wofford has not shown that any of these prior convictions would have been admissible at trial. Character evidence about a victim generally "is limited to reputation or opinion, not specific bad acts." (Emphasis omitted.) <u>Mohamud v. State</u>, 297 Ga. 532, 536 (3) (773 SE2d 755) (2015). See also OCGA § 24-4-405. And there is no evidence that Wofford was aware at the time of the shootings that Sellers had these prior convictions, so the convictions would not have been admissible to show Wofford's state of mind or the reasonableness of his conduct. See OCGA § 24-4-404 (b). See also <u>Mohamud</u>, 297 Ga. at 536 (3) n.2 (noting that whether such evidence

---

[6] Wofford did not present any evidence to show whether this conviction was based on possession of a weapon or possession of drugs.

is admissible for this purpose is not established). Absent a showing that these prior convictions would have been admissible at trial, Wofford cannot prove that his lawyer rendered ineffective assistance when he failed to present evidence of the prior convictions.

Judgment affirmed in part and vacated in part. All the Justices concur.

Decided April 29, 2019.

Murder. Floyd Superior Court. Before Judge Sparks.

Karen H. Brouse, for appellant.

Leigh E. Patterson, District Attorney, Kevin Salmon, Jason M. Rea, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.