**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

_DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES._

**July 1, 2021**

# In the Court of Appeals of Georgia

A21A0183. CHADWICK v. THE STATE.

HODGES, Judge.

This case arises from a drunken brawl in which John Atchley ("Atchley") and John Travis Chadwick ("Chadwick") fought each other, and in which Atchley fought his family members who were attempting to prevent him from driving home drunk from Chadwick's house. The brawl ultimately ended when Chadwick kicked Atchley in the face multiple times, causing him serious injury. As a result of this alcohol-fueled ordeal, a jury convicted Chadwick of battery as a lesser included charge to aggravated battery, and of aggravated assault. The trial court denied Chadwick's motion for new trial, and he appeals, contending that the trial court erred by (1) failing to quash the indictment on the ground of immunity because his behavior was justified; (2) charging the jury as to revenge; (3) failing to charge a lesser included

offense for aggravated assault; and (4) failing to merge Chadwick's convictions. For the following reasons, we affirm Chadwick's aggravated assault conviction, vacate his battery conviction, and remand the case for re-sentencing.

"On appeal of a conviction based on a jury verdict we should examine the evidence in a light most favorable to support that verdict. We resolve all conflicts in favor of the verdict. It is the duty of this court to sustain the verdict if we should find when viewing the evidence in a light most favorable to the verdict that a rational trier of fact could find the defendant guilty beyond a reasonable doubt." (Citations omitted.) *Anderson v. State*, 245 Ga. 619, 622 (1) (266 SE2d 221) (1980).

So viewed, the evidence shows that Atchley and Chadwick were acquaintances, and on April 23, 2016, Atchley arrived at the Chadwick home. Atchley and Chadwick proceeded to drink beer and moonshine to the point of extreme intoxication. Eventually, Atchley's adult son, Alec Atchley ("Alec"), and his girlfriend arrived at the Chadwick residence. The mood between Atchley and Chadwick changed and after the men exchanged words, Chadwick punched Atchley in the face and swung at Alec. Chadwick proclaimed that he was willing to fight anyone.

As the situation deteriorated between Atchley and Chadwick, Alec called his mother, Robin Atchley ("Robin"), to ask her to come to the Chadwick residence to

pick up Atchley, who needed to leave but was too drunk to drive. By the time Robin arrived, Atchley and Chadwick had calmed down and were drinking beer outside the Chadwick house together. As Robin spoke with Chadwick's wife Helen, Atchley and Chadwick walked away and towards a shed beside the Chadwick house. Robin and Helen followed their husbands to try to separate them. Robin grabbed at Atchley's arm to get him to leave and she heard Helen say that Chadwick hit her. After the encounter by the shed, Atchley looked frightened.

As this was unfolding, Atchley's other adult son, Payden Atchley ("Payden"), arrived with his fiancé. As Payden was driving up the driveway, Chadwick's step-daughter was leaving and told Payden that he should go get Atchley because Chadwick had just knocked him out. Knowing that his father kept a gun in his car, Payden went to retrieve and secure it.

Atchley and his family members all decided that it was best for Atchley to leave, but despite his intoxication, Atchley was adamantly trying to drive himself. As a result, Alec and Robin were physically tussling with Atchley trying to remove him from a truck he climbed inside. During this confrontation, Atchley hit Alec, who then returned the gesture by punching Atchley in the face. Robin jumped on Atchley in an attempt to keep him away from Alec, and Atchley pushed Robin down. With Atchley,

3

Robin, and Alec engaged in a physical struggle, Payden, who was standing nearby, fired several shots from his father's gun into the ground in an attempt to break up the fight. Atchley then got up and attempted to drive away in a different truck. Alec and Robin attempted to pull Atchley away from this truck, and they tripped over each other and all three fell to the ground. Again, Payden fired Atchley's gun into the ground in an attempt to break everyone up.

When Atchley landed that time he was face down on the ground. At that point, Chadwick rapidly approached Atchley, Alec, and Robin, who were all still on the ground, said something to the effect of "watch this," and then proceeded to kick Atchley in the face three times with a steel-toed cowboy boot. Chadwick then went over to Payden, asked if Payden wanted to fight, and then punched him in the jaw. Chadwick subsequently swung at, but did not hit, Alec. As a result of this, Atchley was transported by helicopter to Grady Hospital and suffered a broken nose, a fractured eye socket, and his tear duct was torn from his eye, which temporarily popped out of the socket, and required surgery. Atchley now suffers from memory loss and has lost 90 percent of the use of his left eye.

Following this confrontation, Chadwick was indicted on charges of aggravated assault and aggravated battery. Atchley moved to dismiss the indictment on the

ground of immunity, arguing that his actions were justified to protect third persons as well as his habitation. Following an evidentiary hearing, the trial court denied the motion.

After a jury trial, at which conflicting accounts of the events of the evening were presented by members of the Atchley family on the one hand, and friends and family of Chadwick on the other, Chadwick was convicted of battery as a lesser included charge to aggravated battery, and of aggravated assault. The trial court denied Atchley's motion for new trial, and he timely appealed.

1. Chadwick contends that the trial court erred in denying his pre-trial motion for immunity because his actions were justified. We disagree.

In relevant part, Georgia law provides that "[a] person who uses threats or force [to protect others or his habitation pursuant to other provisions of Georgia law] shall be immune from criminal prosecution therefor. . . ." OCGA § 16-3-24.2. Specifically,

> [a] person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to defend himself or herself or a third person against such other's imminent use of unlawful force; however, except as provided in Code Section 16-3-23, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he or she reasonably believes that such force is necessary to prevent

5

death or great bodily injury to himself or herself or a third person or to prevent the commission of a forcible felony.

OCGA § 16-3-21 (a). Moreover, "[a] person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to prevent or terminate such other's unlawful entry into or attack upon a habitation[.]" OCGA § 16-3-23.

> A person who uses threats or force in accordance with Code Section 16-3-21, relating to the use of force in defense of self or others, [or] Code Section 16-3-23, relating to the use of force in defense of a habitation, . . . has no duty to retreat and has the right to stand his or her ground and use force as provided in said Code sections, including deadly force.

OCGA § 16-3-23.1.

Here, Chadwick moved pretrial for immunity on the ground that his actions were justified given Atchley's drunken conduct at his home. The trial court held an evidentiary hearing, at which it heard conflicting accounts of what transpired at the Chadwick home that night. Viewed in the light most favorable to the trial court's ruling, however, the trial court heard evidence at the immunity hearing that Chadwick drunkenly attempted to provoke a fight with Atchley, punched Atchley, pushed his

6

own wife, and, after saying "watch this," kicked Atchley three times in the face when Atchley was lying face-down on the ground after falling as he was attempting to leave the Chadwick property.

### a. Defense of Habitation

As to Chadwick's claim that he was acting in defense of habitation, he failed to establish that Atchley was attempting to enter his habitation at the moment of the attack against Atchley. Indeed, the undisputed evidence at the immunity hearing was that Atchley was attempting to leave the Chadwick property at the moment he was attacked, albeit by attempting to drive drunk while his family members tried to force him into one of their vehicles as a passenger. "Critical to the application of the defense of habitation is the moment in time at which the defendant resorts to . . . force and the act being performed by the victim at that moment." *Coleman v. State*, 286 Ga. 291, 298 (6) (687 SE2d 427) (2009).

Kicking Atchley in the face under the circumstances present here did not support immunity from prosecution for defense of Chadwick's habitation. See generally *Patel v. State*, 279 Ga. 750, 752 (a) (620 SE2d 343) (2005) (disapproved of on other grounds by *Gibbs v. State*, 303 Ga. 681 (813 SE2d 393) (2018) ("It was also established that Patel did not open fire until the intruder started to escape from

7

the building. Thus, we concluded that any assault upon Patel, and any justification, was over when Patel started shooting.") (citation and punctuation omitted); *Philpot v. State*, 311 Ga. App. 486, 489 (3) (716 SE2d 551) (2011) ("Where there is no evidence that the victim was attempting to enter or attack the habitation at the time he was injured by the defendant, the defense of habitation is not available. That is the situation here. The uncontroverted evidence showed that Philpot stabbed the victim after she spat on the ground while both women were standing in the store parking lot; there was no evidence that the victim was attempting to unlawfully enter or attack Philpot's vehicle at the time of the stabbing. Under these facts, there could be no reasonable belief that stabbing the victim was necessary to prevent or terminate the other's unlawful entry into or attack upon a motor vehicle, and thus no basis for an instruction on defense of habitation.") (citations, emphasis, and punctuation omitted); *Darden v. State*, 233 Ga. App. 353, 354 (1) (504 SE2d 256) (1998) ("[The victim] was not attempting to enter [Darden's] house at the time Darden stepped outside and shot him. To the contrary, [the victim] was walking away from the house to his car. Darden acknowledged in her statement to police the night of the shooting that [the victim] was standing at the corner of her house, not at her door, when she fired. Therefore, OCGA § 16-3-23 is not applicable to the facts of this case.").

8

### b. Defense of Self or Others

Similarly, viewed in the light most favorable to the trial court's decision, we cannot say that the trial court erred in denying immunity on the ground of defense of self or others. The evidence does not demonstrate that Atchley posed any threat to Chadwick himself or his family once Atchley's family members began escorting him to a vehicle, given that Chadwick remained physically distant from Atchley at that time. Although the evidence could support that Atchley previously posed a threat to Alec and Robin given his acts of violence against them, the undisputed evidence demonstrated that, at the time Chadwick said "watch this" and kicked Atchley in the face three times, Atchley was lying face down on the ground. Accordingly, we cannot say that the trial court erred in finding that Chadwick failed to meet his burden to establish his entitlement to pretrial immunity pursuant to OCGA § 16-3-24.2. See *Gardhigh v. State*, 309 Ga. 153, 157-158 (2) *(*844 SE2d 821) (2020) ("Even if [the victim] lunged at Appellant, the [trial] court could find that Appellant was not entitled to slam [the victim] onto a concrete sidewalk and then punch him multiple times with enough force to cause the significant facial injuries and brain damage that led to his death."); *Cotton v. State*, 297 Ga. 257, 258-259 (2) (773 SE2d 242) (2015) (finding that the trial court did not err in refusing to grant pretrial immunity to defendant upon

9

determination that defendant was probably not acting in self-defense when, following his intervention in an altercation between the defendant's sister and the victim, the defendant retrieved a knife from the kitchen and fatally stabbed the victim); *State v. Jenkins*, 355 Ga. App. 39, 45-46 (2) (840 SE2d 742) (2020) (reversing trial court's grant of pretrial immunity when "[t]he undisputed evidence shows that the defendant initially shot at and hit [the victim], who was unarmed and standing 20 to 30 feet away from Jackson, who the defendant maintained was wielding the gun.").

In sum, "[t]o prevail on his immunity motion, [Chadwick] was required to establish his justification defense by a preponderance of the evidence. Having reviewed the transcript from the pretrial immunity hearing under the above standards, we find no error in the trial court's denial of pretrial immunity." (Citation omitted.) *Sifuentes v. State*, 293 Ga. 441, 444 (2) (746 SE2d 127) (2013).

2. Chadwick contends that the trial court erred in sua sponte charging the jury on revenge. We find no error.

"In reviewing an allegedly erroneous jury instruction, we apply the plain legal error standard of review. A jury charge must be considered as a whole and the parts read in conjunction with each other." *Daniels v. State*, 310 Ga. App. 562, 565 (2) (714 SE2d 91) (2011). "To authorize a jury instruction on a subject, there need only

10

be produced at trial slight evidence supporting the theory of the charge. Whether the evidence presented is sufficient to authorize the giving of a charge is a question of law." (Citation and punctuation omitted.) *Hodges v. State*, 319 Ga. App. 657, 660 (3) (738 SE2d 111) (2013). However, "[i]t is error for any judge, during any phase of any criminal case, to express or intimate to the jury the judge's opinion as to whether a fact at issue has or has not been proved or as to the guilt of the accused." OCGA § 17-8-57 (a) (1).

Here, after charging the jury on the justification defenses raised by Chadwick, the trial court charged the jury as follows: "A person is not justified in deliberately assaulting another person, not to prevent an impending wrong, but solely in revenge for a past or previous wrong, regardless of how serious the previous wrong might have been, when the episode involved in the previous wrong has ended." Chadwick contends that this charge, which was not requested by either side, constituted an impermissible comment by the trial court on the merits of the case and his defense. We disagree.

The evidence here demonstrated that Chadwick and Atchley had prior physical and verbal altercations on the evening at issue before Chadwick kicked Atchley in the face. Indeed, according to witnesses favorable to Chadwick, prior to the attack on

11

him, Atchley arrived at Chadwick's property uninvited, behaved in a vulgar manner towards Chadwick's wife, and engaged in behavior which caused Chadwick's guests, including a family friend and his child as well as his step-daughter and her child, to leave Chadwick's house.

We find that the evidence here authorized giving a "revenge for a prior wrong" instruction. See *Collins v. State*, 308 Ga. 515, 519-520 (2) (842 SE2d 275) (2020) (finding charge authorized when defendant had prior altercation with victim and victim's friends wherein he believed the victim stole from him). Moreover, the Supreme Court recently held that a similar charge does not constitute an impermissible comment on the defendant's guilt in violation of OCGA § 17-8-57. Id. at 520 (2). Accordingly, this enumeration is without merit.

3. Chadwick claims that the trial court erred in failing to charge the jury with lesser-included offenses to aggravated assault. We disagree.

It is not wholly clear from his brief which lesser-included offenses Chadwick claims should have been offered for aggravated assault. In his brief he discusses the crimes of battery, simple assault, and disorderly conduct, so we presume he alleges all of those should have been charged. However, "[a] trial judge never errs in failing to instruct the jury on a lesser-included offense where there is no written request to

12

so charge. An oral request to charge does not alter this mandate." *Martin v. State*, 349 Ga. App. 656, 659 (2) (825 SE2d 227) (2019). Chadwick never filed a written request to charge simple assault, OCGA § 16-5-20, and he explicitly withdrew his written request to charge the jury as to disorderly conduct, OCGA § 16-11-39. Accordingly, we find no reversible error as to the failure to charge these lesser-included offenses. *Martin*, 349 Ga. App. at 659 (2).

As to battery, Chadwick filed a written request to charge the lesser-included offense of battery, and during the charge conference it was ultimately determined that it would be given as a potential lesser-included offense to aggravated battery. The jury was charged as to, and ultimately convicted Chadwick of, battery as a lesser included offense of aggravated battery.[1] Chadwick did not object to the failure to offer battery as a lesser-included offense to aggravated assault as well. Accordingly, we review his claim for plain error. OCGA § 17-8-58 (b). To establish plain error,

> [f]irst, there must be an error or defect—some sort of deviation from a legal rule—that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the

---

[1] The propriety of giving simple battery as a lesser-included charge to aggravated battery in this case is not before us on appeal.

13

error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

(Citation, emphasis, and punctuation omitted.) *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011).

Here, Chadwick fails the first prong. Chadwick was charged with aggravated assault, which is committed when "he or she assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury[.]" OCGA § 16-5-21 (a) (2). Specifically, Chadwick's indictment charged him with

the offense of AGGRAVATED ASSAULT (OCGA § 16-5-21) for that the said accused, . . . did then and there, make an assault upon the person of John Atchley with an object which when used offensively against a person is likely to and actually did result in serious bodily injury, when said accused did kick, stomp, and strike John Atchley in the face with the foot and feet of said accused . . . The State introduced unrebutted evidence that Chadwick kicked Atchley in the face three times with a steel-toed boot causing serious injuries to Atchley's face that required

14

surgical intervention to repair, which meets the elements of the crime. See *Anderson v. State*, 257 Ga. App. 602 (1) (571 SE2d 815) (2002) (evidence that defendant pushed victim down and kicked him in the face, causing profuse bleeding, was sufficient to support conviction for aggravated assault).

Rather than introducing evidence or testimony to controvert the evidence introduced by the State, Chadwick's counsel argued that his actions were legally justified in light of Atchley's behavior. Accordingly,

> [t]he evidence thus did not raise the issue of [ ] battery. Rather, the evidence showed either that [Chadwick] committed the aggravated assault with [his foot or feet] or that he did not commit the crime because his use of [his foot or feet] was justified. Where the evidence shows either the completed offense as charged or no offense, such evidence will not support a verdict for one of the lesser grades of the offense. Because there was no evidence raising [ ] battery as a lesser included offense of the aggravated assault, the trial court did not err in refusing to give such a lesser offense jury charge.

(Citation and punctuation omitted.) *Van Doran v. State*, 244 Ga. App. 496, 497 (536 SE2d 163) (2000). Thus, Chadwick cannot establish that the trial court plainly erred in failing to charge the jury that it could convict Chadwick of battery as a lesser-included offense to aggravated assault.

15

4. Lastly, Chadwick argues that the trial court failed to merge his conviction for aggravated assault into his conviction for battery. We agree that the convictions should merge, but not in the manner suggested by Chadwick.

"Whether offenses merge is a legal question, which we review de novo." (Citation and punctuation omitted.) *Regent v. State*, 299 Ga. 172, 174 (787 SE2d 217) (2016). Georgia law clearly provides that

> [w]hile an accused may be prosecuted for more than one crime arising out of the same criminal conduct, he may not be convicted of more than one crime arising out of the same criminal conduct where one crime is included in the other. OCGA § 16–1–7 (a) (1). A crime is included in the other when . . . [i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission. OCGA § 16–1–6.

(Emphasis omitted.) Id. at 175.

Here, Chadwick was indicted for and convicted of aggravated assault for "mak[ing] an assault upon the person of John Atchley with an object which when used offensively against a person is likely to *and actually did result in serious bodily injury*, when said accused did kick, stomp, and strike John Atchley in the face with the foot and feet of said accused . . ." (Emphasis supplied.) He was also convicted of

16

the lesser-included offense of battery on the count of aggravated battery, which required the State to prove that Chadwick "intentionally cause[d] substantial physical harm or visible bodily harm to another." OCGA § 16-5-23.1 (a). On the facts of this case, the difference between the two convictions is only in the degree or risk of injury. Accordingly, Chadwick's battery conviction was included in his aggravated assault conviction and it should have merged into his aggravated assault conviction. See, e.g., *Hicks v. State*, 337 Ga. App. 567, 570 (3) (788 SE2d 502) (2016) ("In this case, the aggravated assault charge required the State to prove that Hicks used his hands as deadly weapons to choke the victim and beat her about the head and face in a manner that was likely to cause or actually resulted in serious bodily harm. As charged, the aggravated battery count required the State to prove that Hicks seriously disfigured the victim's body by striking her about the head and face. The jury, however, found Hicks guilty of the lesser included offense of simple battery, which only required proof that Hicks intentionally made physical contact with the victim or intentionally caused her harm when he struck her about the head and face. These two offenses—aggravated assault and simple battery—differ only with respect to the risk of, or seriousness of, injury to the victim. Accordingly, the simple battery merges

17

under OCGA § 16–1–6 (2).”). “Consequently, we must vacate [Chadwick's] conviction and sentence for simple battery and remand for resentencing.” Id.[2]

*Judgment affirmed in part and vacated in part and case remanded with direction. Miller, P. J., and Pipkin, J., concur.*

---

[2] Chadwick seeks to have his felony aggravated assault conviction merge into the misdemeanor simple battery conviction by invoking the rule of lenity. However, "the Supreme Court of Georgia has cautioned that simply because a single act may, as a factual matter, violate more than one penal statute does not implicate the rule of lenity. . . . What is required is a statutory ambiguity such that identical evidence, not merely a single act, results in different punishments. We do not have that scenario here." (Citation, emphasis, and punctuation omitted.) *Gordon v. State*, 337 Ga. App. 64, 66, 68 (1) (785 SE2d 900) (2016).