**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**July 8, 2021**

# In the Court of Appeals of Georgia

A21A0666. GAINES v. THE STATE.

MERCIER, Judge.

Following a bench trial, Gregory Gaines was convicted of aggravated assault and aggravated battery, and he was sentenced to two concurrent 20-year prison terms. Gaines appeals, asserting in his sole claim of error that the trial court erred in failing to merge the two offenses at sentencing. Because the indicted offenses merged as a matter of fact, we affirm Gaines's judgment of conviction for aggravated battery, vacate his conviction for aggravated assault, vacate his sentence, and remand the case for resentencing.

Viewed in the light most favorable to the verdict, see *Anderson v. State*, 352 Ga. App. 275, 277 (1) (834 SE2d 369) (2019), the evidence shows that on July 5, 2014, Gaines was an inmate at the Augusta State Medical Prison, where the victim

worked as a corrections officer. While the victim was supervising the inmates in a dormitory that day, Gaines grabbed her around the neck, hit her in the face, and dragged her toward a metal bench in the dormitory's common area. When they reached the bench, Gaines slammed the victim's forehead on the bench and continued to hit her multiple times. Other inmates eventually pulled Gaines away from the victim, and she ran from the building. The victim suffered a fractured cheekbone, a broken nose, a concussion, and multiple lacerations during the attack.

Gaines was indicted for the aggravated assault (Count 1) and aggravated battery (Count 2) of a correctional officer. The trial court found him guilty of both charges, sentenced him on the two offenses, and denied his subsequent motion for new trial. Gaines now argues that the trial court should have merged the offenses prior to his conviction and sentencing. We agree.

"Whether offenses merge is a legal question, which we review de novo." *Regent v. State*, 299 Ga. 172, 174 (787 SE2d 217) (2016) (citation and punctuation omitted). Although a defendant may be prosecuted for multiple crimes arising out of the same conduct, "[h]e may not . . . be convicted of more than one crime if . . . [o]ne crime is included in the other[.]" OCGA § 16-1-7 (a) (1). A crime is included in another if:

2

(1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or

(2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

OCGA § 16-1-6.

Count 1 of the indictment charged that Gaines committed an aggravated assault on a correctional officer by using his hands (objects that when used offensively against another person were likely to result in serious bodily injury) to "strike [the victim's] face repeatedly and . . . to strike [the victim's] head against a bench resulting in a concussion, a broken cheekbone and nose, swelling, lacerations and scarring." Count 2 alleged that he committed aggravated battery against a correctional officer by maliciously causing her bodily harm "by seriously disfiguring a member of her body, to-wit: her face, by striking her face repeatedly and striking her head against a bench resulting in a broken cheekbone and nose, swelling, lacerations and scarring."

3

By their very terms, Counts 1 and 2 accused Gaines of committing aggravated assault and aggravated battery through the exact same conduct — by repeatedly striking the victim's face and by striking her head against the bench. The only difference between the indicted crimes was "the seriousness of the injury or risk of injury suffered by the victim." *Regent*, supra at 176. The aggravated assault count alleged that Gaines's hands, when used offensively, were *likely* to result in serious bodily injury, while the aggravated battery count required proof of *actual* bodily harm by serious disfigurement. As charged, therefore, "aggravated assault [was] included in aggravated battery, and the two offenses should have merged." Id.

The State argues that Gaines's act of striking the victim in the face constituted an aggravated assault that was separate from — and completed before — the aggravated battery that occurred when he struck her head against the bench. In the State's view, Gaines can be punished for both crimes. But the indictment did not separate the acts in this manner. On the contrary, it explicitly alleged that Gaines committed both offenses in the same two ways: by striking the victim's face and by striking her head against the bench. We cannot ignore or rewrite the allegations in the indictment on appeal. See *Anderson*, supra at 283-284 (3) ("Averments in an

4

indictment as to the specific manner in which a crime was committed are not mere surplusage.") (citation and punctuation omitted)).

The trial court should have merged Count 1 (aggravated assault) into Count 2 (aggravated battery) prior to Gaines's conviction and sentencing. See *Harris v. State*, 309 Ga. 599, 610 (4) (847 SE2d 563) (2020) (trial court erred in failing to merge aggravated assault offense into aggravated battery where "both the aggravated assault and the aggravated battery were based on the same conduct of shooting the same victim"); *Regent*, supra (aggravated assault merged into aggravated battery where both offenses were based on the same criminal act of cutting the victim's throat with a knife); see also *Hamlette v. State*, 353 Ga. App. 640, 647 (3) (839 SE2d 161) (2020) (aggravated assault merged into voluntary manslaughter where the indictment alleged that both offenses resulted from the "exact same conduct"). Accordingly, although we affirm the judgment of conviction as to Count 2, we vacate Gaines's conviction on Count 1, vacate his sentence, and remand for resentencing with direction that the trial court merge Count 1 into Count 2.

*Judgment affirmed in part, vacated in part, and case remanded with direction. Dillard, P. J., and Colvin, J., concur.*