**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**April 26, 2023**

# In the Court of Appeals of Georgia

A23A0358. MITCHELL v. THE STATE.

McFADDEN, Presiding Judge.

Eric Mitchell appeals from his aggravated battery and aggravated assault convictions, claiming that the two offenses were part of a continuous act and should have merged for sentencing purposes. But because the evidence shows a deliberate interval between the two offenses, the court did not err in refusing to merge the offenses for sentencing. So we affirm.

1. *Facts and procedural posture.*

On the evening of May 24, 2020, Mitchell attacked two young women, L. S. and C. B., at a convenience store in Athens, Georgia. As the women left the store, Mitchell, who was standing near the door, followed them and assaulted L. S. outside the store. C. B. fled back into the store and several seconds later, L. S. was also able

to retreat into the store. Mitchell then came back into the store and attacked C. B., violently shoving her to the floor and slashing at her with a box cutter in his right hand. When L. S. attempted to intervene, Mitchell turned from C. B. and, while still holding the box cutter in his right hand, viciously punched L. S. in the face with his left fist, knocking her to the floor and causing facial injuries requiring reconstructive surgery. As Mitchell stood between the two prone victims, a police car with blue lights flashing arrived at the scene. Mitchell then walked out of the store, surrendered to the officer, and later admitted committing the unprovoked attacks of the victims.

Mitchell was charged by indictment with multiple offenses, including a count of aggravated battery for striking L. S.'s face, causing her to have a broken nose, and a count of aggravated assault for striking L. S. with the box cutter and his hands, resulting in lacerations to her torso. Mitchell pled guilty to all counts of the indictment and the court imposed a sentence totaling 75 years in confinement, including consecutive 20-year sentences for the aggravated battery and the aggravated assault committed against L. S. This appeal followed.

2. *Merger.*

2

Mitchell contends that the aggravated battery and aggravated assault offenses committed against L. S. should have merged because they were part of a continuous act and were not distinct criminal acts. We disagree.

"In order for the aggravated assault and aggravated battery counts to be treated as distinct criminal acts, there must be a 'deliberate interval' between the completion of one offense and the start of the other. If there was no deliberate interval, then the two offenses were part of a continuous act and merge for sentencing purposes." *Price v. State*, 313 Ga. 578, 581 (872 SE2d 275) (2022) (citations omitted). Mitchell argues that the instant case is controlled by *Regent v. State*, 299 Ga. 172 (787 SE2d 217) (2016), in which the Supreme Court held that convictions for aggravated battery and aggravated assault merged because the two offenses were based on a single criminal act of cutting the victim's throat, albeit twice in quick succession. Id. at 176.

But in this case, unlike in *Regent*, there were not two actions in quick succession that constituted a single criminal act against L. S. and that formed the basis for the aggravated battery and aggravated assault charges. Rather, as the trial court found, a security video from the store showed that Mitchell's acts were "back and forth between the two women, not a continuous act . . . and the elements of both [the aggravated battery and the aggravated assault] are different, and they are charged

3

differently." Indeed, the security video, along with the facts admitted to by Mitchell at the plea hearing, show that Mitchell committed two distinct acts against L. S. that were separated by a deliberate interval.

He first attacked L. S. outside the store and then, after re-entering the store and assaulting the other victim, he assaulted L. S. a second time by punching her face and breaking her nose. Because the video plainly shows that Mitchell's only action toward L. S. inside the store was to hit her face with his left hand, while holding the box cutter in his right hand, it is apparent from the video that he did not lacerate her torso with the box cutter inside the store. So Mitchell's admitted act of cutting L. S. with the box cutter could only have occurred during his attack on her outside the store. Under these circumstances, "[t]he evidence was sufficient to support [a] factual finding of a deliberate interval [between the aggravated assault by cutting the victim's torso and the aggravated battery by striking the victim's face], and thus we affirm the court's legal determination that merger was inappropriate." *Price*, supra at 583.

*Judgment affirmed. Brown and Markle, JJ., concur.*